**In re COLUMBIA RIO GRANDE HEALTHCARE, L.P., d/b/a Columbia Rio Grande Regional Hospital**

No. 13–98–440–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 20, 1998.

Sharon E. Callaway, Crofts, Callaway & Jefferson, Harold J. Lotz, Jr., Lopez, Lotz, Pauerstein & Stahl, Butina B. York, San Antonio, for relator.

Francisco J. Rodriguez, Rodriguez, Prunedo, Tovar, Enriquez & Calvillo, Alberto Tovar Garcia, McAllen, for real parties in interest.

Before SEERDEN, C.J., and HINOJOSA and CHAVEZ, JJ.

## ORDER DENYING MANDAMUS RELIEF

CHAVEZ, Justice.

The real parties in interest sued relator Columbia Rio Grande Healthcare, L.P., (Columbia), and doctors William Martin, Portencio Garcia, and Salil Mangi, alleging various acts of malpractice and negligence in the care of Vilma Farias, who died at Columbia's hospital. The real parties in interest allege that Farias died after Dr. Martin performed a radiological scan on Farias but failed to detect a pulmonary embolism. Among the negligence theories advanced in the plaintiffs' pleadings was an allegation that Columbia was negligent in credentialing the defendant doctors who treated Farias.

Columbia had identified its Chief Executive Officer Randy Everts to the real parties in interest as "the person most knowledgeable regarding contracts with radiology and Dr. Martin" and offered him for a deposition on September 9, 1998. The real parties in interest noticed Everts' deposition for August 21, 1998. Relator sought to quash Evert's deposition on the ground that Everts was an apex official who lacked knowledge of relevant facts, and attached an affidavit from Everts.

Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. TEX.R.CIV.P. 166b(2)(a). A party may obtain discovery of persons having knowledge of relevant facts. TEX.R.CIV.P. 166b(2)(d). A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter. *Id.*

■ When a party seeking to quash a deposition of an "apex" official presents the trial court with an affidavit from the official denying knowledge of any relevant facts, the trial court should first determine whether the party seeking the deposition has arguably shown that the official has any unique or superior personal knowledge of discoverable information. *Crown Central Petroleum Corp. v. Garcia,* 904 S.W.2d 125, 127 (Tex. 1995) (orig.proceeding). If the party seeking the deposition cannot show that the official has any unique or superior personal knowledge of discoverable information, the trial court should require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods. *Id.*

■ In this case, Everts' affidavit failed to satisfy the threshold requirement of *Crown Central,* to "deny any knowledge of relevant facts." Although Everts' affidavit denied personal knowledge of many aspects of the lawsuit, it did not deny knowledge of the "contracts with radiology and Dr. Martin," and did not deny knowledge of the credentialing practices of the hospital. The affidavit also did not contain a broad denial of "any knowledge of relevant facts." Therefore, we hold that the trial court acted within its discretion in denying the motion to quash and we deny mandamus relief.