IN THE
TENTH COURT OF APPEALS
 

No. 10-00-269-CV

Â Â Â Â Â JOHNNY CARROLL, INDIVIDUALLY,
Â Â Â Â Â AND AS EXECUTOR OF THE RAY
Â Â Â Â Â CARROLL ESTATE AND AS TRUSTEE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

Â Â Â Â Â v.

Â Â Â Â Â WHITNEY INDEPENDENT SCHOOL 
Â Â Â Â Â DISTRICT, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

 From the 66th District Court
Hill County, Texas
Trial Court # 7970-A 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On the record before us it is uncontroverted that Johnny Carroll was never served in his
capacity as executor or as trustee. It is also uncontroverted that the attorney representing Carroll
in his individual capacity at trial had not been authorized to make a general appearance on behalf
of Carroll as executor or as trustee. Further, it is uncontroverted that the recitation in the
judgment that Carroll in his capacity as executor and as trustee had filed a written answer was
erroneous. It is axiomatic that before a valid judgment may be taken against a defendant the
defendant must have been properly served, waived citation, or generally appeared in the suit. See
Werner v. Colwell 909 S.W.2d 866, 869-870 (Tex. 1995).
Â Â Â Â Â Â Accordingly, it was error for the trial court to render judgment against Carroll in his capacity
as executor or as trustee. The judgment of the trial court is reversed and remanded for
proceedings consistent with this opinion.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Reversed and remanded
Opinion delivered and filed May 23, 2001
Do not publish



erations, the value, [and] the way the Limestone
Plant is run from an operations point of view; and (3) the contemplated
deposition is Ânot overburdensomeÂ or Âundue.Â

Â Â Â Â Â Â Â Â Â  CenterPoint replied that McClanahan
should not be ordered to submit to a deposition because Valence did not show
that he possesses unique or superior personal knowledge of discoverable
information.

Â Â Â Â Â Â Â Â Â  Respondent denied CenterPointÂs motion
for protective order. 

Â Â Â Â Â Â Â Â Â  CenterPoint contends that the court
abused its discretion by permitting Valence to depose McClanahan because Valence did not show that: (1) McClanahan has Âany unique or superior personal knowledge of
discoverable informationÂ; or (2) less intrusive means of discovery have proven
insufficient.

Â Â Â Â Â Â Â Â Â  According to the apex deposition
doctrine, when a party seeks to depose a high level corporate official, a
corporation may seek to shield the official from the deposition by filing a
motion for protection supported by the officialÂs affidavit denying knowledge
of any relevant facts.Â  In re Alcatel USA, Inc., 11 S.W.3d 173, 175 (Tex. 2000) (orig. proceeding).Â  A trial court determines such a motion by first deciding
whether Âthe party seeking the deposition has Âarguably shown that the official
has any unique or superior personal knowledge of discoverable information.ÂÂÂ  Id. at 175-76 (quoting Crown C. Petroleum Corp. v. Garcia, 904 S.W.2d 125,
128 (Tex. 1995) (orig. proceeding)).

Â Â Â Â Â Â Â Â Â  ÂIf the party seeking the deposition
cannot show that the official has any unique or superior personal knowledge of
discoverable information, the trial court shouldÂ not allow the deposition to
go forward without a showing, after a good faith effort to obtain the discovery
through less intrusive means, Â(1) that there is a reasonable indication that
the officialÂs deposition is calculated to lead to the discovery of admissible
evidence, and (2) that the less intrusive methods of discovery are
unsatisfactory, insufficient or inadequate.Â

Â 

Id.
at 176 (quoting Crown C. Petroleum, 904 S.W.2d at 128).

Â Â Â Â Â Â Â Â Â  Valence cites In re Columbia Rio Grande Healthcare, L.P. for the proposition that McClanahanÂs affidavit
did not adequately deny knowledge of relevant facts.Â  977 S.W.2d 433 (Tex. App.ÂCorpus Christi 1998, orig. proceeding).Â  CenterPoint relies on a more recent
decision of the Fort Worth Court to support its contention that McClanahanÂs
affidavit is sufficient.Â  See In re Burlington N. & Santa Fe Ry., 99
S.W.3d 323 (Tex. App.ÂFort Worth 2003, orig. proceeding).

Â Â Â Â Â Â Â Â Â  In Columbia Rio Grande Healthcare,
a negligent credentialing case, Columbia identified its CEO in discovery as
Âthe person most knowledgeable regarding [physician contracts].ÂÂ  977 S.W.2d at
434.Â  The plaintiffs sought to depose the CEO, and Columbia filed a motion to
quash the deposition notice.Â  The trial court denied this motion.Â  The
appellate court denied ColumbiaÂs mandamus petition, concluding that, even
though the CEO in his affidavit Âdenied personal knowledge of many aspects of
the lawsuit,Â he did not deny knowledge of the hospitalÂs physician contracts
or of the hospitalÂs credentialing practices, and he did not broadly deny Âany
knowledge of relevant facts.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â  Conversely, in the Burlington
Northern case, the court concluded that the corporate executiveÂs
statements in his affidavit (1) that he had no knowledge of the facts of the
suit, (2) that he had Âno unique or superior knowledge or information regarding
any aspect of this case,Â and (3) that he had Âno personal knowledge of the
condition of [the railroad] crossing at the time of the accident made the basis
of this suit,Â were sufficient to invoke the apex deposition analysis, even
though the executive did not generally deny knowledge of any relevant facts.Â 
99 S.W.3d at 326 n.3.

Â Â Â Â Â Â Â Â Â  Here, McClanahan stated in his
affidavit that he has Âno unique or specialized knowledge regarding any aspect
of this caseÂ and that he has Ânever been involved in the day-to-day operations
of the Limestone Station and [has] no personal knowledge of its operations.Â

Â Â Â Â Â Â Â Â Â  The issue in the underlying lawsuit is
whether ValenceÂs proposed well will preclude or impair Âan existing use by the
surface owner.ÂÂ  Tarrant County Water Control & Improvement Dist.
v. Haupt, Inc., 854 S.W.2d 909, 911 (Tex. 1993) (quoting Getty Oil Co.
v. Jones, 470 S.W.2d 618, 622 (Tex. 1971)).

Â Â Â Â Â Â Â Â Â  McClanahan denied having any
specialized or unique knowledge of the day-to-day operations of the Limestone
Plant.Â  Thus, he sufficiently denied knowledge of any relevant facts regarding
any existing usage of the disposal site to shift the burden to Valence to show otherwise.Â  See Alcatel USA, 11 S.W.3d at 175-76; Burlington N. & Santa Fe Ry., 99 S.W.3d at 326.

Â Â Â Â Â Â Â Â Â  Valence responded by arguing
that McClanahanÂs executive position with CenterPoint and the length of his
tenure there establishes that McClanahan Âknows about the operations, the
value, [and] the way the Limestone Plant is run from an operations point of
view.Â However, Valence presented no evidence to support this argument.Â 
Accordingly, we hold that Valence failed to arguably show that McClanahan Âhas
any unique or superior personal knowledge of discoverable information.ÂÂ  See
Alcatel USA, 11 S.W.3d at 175.

Â Â Â Â Â Â Â Â Â  Nevertheless, Valence also contends
that it has been unable to obtain the discovery it seeks by less intrusive
means.Â  Id. at 176.Â  At the hearing, Valence referred to a May 5 deposition
notice it served on CenterPoint under Rule of Civil Procedure 199.2(b)(1)
requiring CenterPoint to designate a representative to testify on its behalf.Â 
This notice states that the contemplated deposition would be conducted on May
25, two weeks after the hearing on CenterPointÂs motion for protective order.

Â Â Â Â Â Â Â Â Â  This single deposition notice does not
satisfy ValenceÂs burden to show that it has Âmade a reasonable
effortÂ to obtain the information sought through less intrusive means of
discovery.[1]Â  See
In re Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding)
(per curiam).Â  Thus, Respondent abused his discretion by denying CenterPointÂs
motion for protective order.

Â Â Â Â Â Â Â Â Â  CenterPoint has no adequate remedy at law. Â In re El Paso Healthcare Sys., 969 S.W.2d 68, 75 (Tex. App.ÂEl Paso 1998, orig. proceeding).Â 
Therefore, we conditionally grant the requested writ of mandamus. Â The writ
will issue only if Respondent fails to advise this Court in writing within
fourteen days after the date of this opinion that he has vacated the order
requiring CenterPoint to produce McClanahan for deposition.

Â 

FELIPE REYNA

Justice

Â 

Before Justice Vance
and

Justice
Reyna

Petition conditionally
granted

Opinion delivered and
filed June 29, 2005

[OT06]









[1] Â Â Â Â Â Â Â Â Â  Respondent granted CenterPointÂs
motion to quash the corporate representative deposition notice.Â  Nevertheless,
this does not change the fact that Valence did not even begin to try to obtain
discovery from CenterPoint of the information it seeks from McClanahan until
less than a week before the hearing on the motion for protective order.