NUMBER 13-99-060-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN RE: CLAUDIA SANCHEZ

___________________________________________________________________



On Petition for Writ of Mandamus.

____________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez




 Relator, Claudia Sanchez, has filed an application for writ of mandamus asking that we order the Respondent (1) to vacate
his protective order preventing Sanchez from taking the deposition of Marvin Griffin. Griffin is the former president and
current CEO of the real party-in-interest, Daisy Manufacturing Company, Inc. ("Daisy"). This is the second time we have
been asked to grant mandamus relief with respect to the taking of Griffin's deposition.

 In the first proceeding, (2) Daisy sought a writ of mandamus compelling the Respondent to grant its motion for protection. 
We conditionally granted relief, finding that because Sanchez did not show Griffin possessed unique or superior
knowledge, she had to use less intrusive means to obtain the information she desired, i.e., she was first required to depose
lower-level Daisy employees. 

 Thereafter, Sanchez took the depositions of Mike Bare, vice-president of operations; Lynn Scott, Daisy's former
vice-president of sales and marketing; and Ronald Joyce, the Daisy employee who designed the rifle model in question. (3) 
She then moved Respondent to vacate his protective order. After conducting a hearing, Respondent declined to do so. 
Sanchez filed a motion to reconsider and Respondent conducted a second hearing. On December 7, 1998, Respondent
again declined to lift the protective order and this application for relief followed.

 Sanchez asserts that once less intrusive methods have been utilized to obtain the information, she is no longer required to
show that Griffin has unique or superior knowledge. We agree. The supreme court stated in Crown Cent. Petroleum Corp.
v. Garcia, 904 S.W.2d 125 (Tex. 1995) (orig. proceeding), that after the requesting party makes a good faith effort to obtain
the discovery through less intrusive methods, the party may move the court to lift the protective order by showing

 (1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible
evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient or inadequate. If the party
seeking the deposition makes this showing, the trial court should modify or vacate the protective order as appropriate. . . . 
If the party seeking the deposition fails to make this showing, the trial court should leave the protective order in place.

Id. at 128. Thus, pursuant to Crown, once less intrusive methods have been utilized, the requesting party need only show a
reasonable indication that the deposition would lead to admissible evidence and that the less intrusive methods have been
insufficient.

 Sanchez asserts that, after utilizing less intrusive methods, there remain unanswered forty-eight "areas of inquiry." These
"areas of inquiry" do not in any way relate to the details of the day-to-day operation of the Engineering, Design,
Manufacturing or Marketing Departments. (4) While many of the questions raised were answered by Ronald Joyce in his
deposition, many are still outstanding. All of the individuals previously deposed pointed to Griffin as the person who could
answer questions relating to the "areas of inquiry." Thus, Sanchez concludes, Griffin's deposition testimony is calculated to
lead to the discovery of admissible evidence.

 We conclude that Sanchez has satisfied the two-prong Crown test by showing a reasonable indication that Griffin's
deposition will lead to the discovery of admissible evidence, and that the less intrusive methods of discovery were
unsatisfactory, insufficient, or inadequate. Accordingly, we conditionally grant Sanchez's request for mandamus relief. 
The mandamus will issue only if Respondent fails to lift the protective order.

Nelda V. Rodriguez

Justice



Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 6th day of May, 1999.

1. The Honorable Rogelio Valdez, Judge of the 357th Judicial District Court of Cameron County, Texas.

2. In re Daisy Manufacturing Co., 976 S.W.2d 327 (Tex. App.--Corpus Christi 1998, orig. proceeding).

3. Sanchez had previously propounded written discovery upon Daisy and had deposed its corporate representative, William
Stuchlik.

4. The "areas of inquiry" can be grouped into the following categories: company policy; design of the gravity feed system
vs. design and implementation of a positive feed system; defects in the product; sales; net worth; comments Griffin made
on a 20/20 news program; Griffin's opinions regarding Sanchez's expert, David Townsend; other lawsuits filed; settlements
of those suits; the content of internal memoranda; the use of children's pictures on the rifle boxes; warnings utilized; and
ATSM safety standards.