### In re DAISY MANUFACTURING COMPANY, INC., Relator.

No. 99–0500.

Supreme Court of Texas.

April 13, 2000.

---

**3.** *Johnson & Higgins,* 962 S.W.2d at 528.

**4.** Petitioner's brief on the merits at 4.

Hugh P. Touchy, George Christian Kraehe, Charles V. Willette, Jr., Brownsville, for relator.

Ernesto Gamez, Jr., Victor Quintanilla, Sean Paul Belleville, Brownsville, for respondent.

PER CURIAM.

In this case, the trial court refused to set aside a protective order preventing the plaintiff, Claudia Sanchez, from deposing Daisy Manufacturing's Chief Executive Officer Marvin Griffin. Sanchez asserts that she had attempted less-intrusive discovery methods and consequently the trial court abused its discretion when it failed to set aside the protective order. The court of appeals agreed and conditionally mandamused the trial court to lift the protective order, concluding that the trial court abused its discretion because Sanchez satisfied *Crown Central Petroleum Corporation v. Garcia*'s[1] apex deposition guidelines. We disagree. Consequently, we conditionally grant the writ of mandamus directing the court of appeals to vacate its order.

█ In ordering or preventing an apex deposition, a trial court must follow *Crown Central*'s framework.[2] Under *Crown Central*, if a discovering party cannot arguably show that a high-level official has unique or superior knowledge of discoverable information, the trial court must grant a motion for protection, "and first require the party seeking the deposition to attempt to obtain the discovery through less

---

1. 904 S.W.2d 125, 128 (Tex.1995).

2. *See id.* at 128; *see also In re Alcatel USA, Inc.*, 11 S.W.3d 173 (Tex.2000).

intrusive methods." [3] The discovering party may thereafter depose the apex official if, after making a "good faith effort to obtain the discovery through less intrusive methods," the party shows that (1) there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) the less-intrusive methods are unsatisfactory, insufficient or inadequate.[4]

Because Sanchez failed to demonstrate that the less-intrusive methods of discovery were unsatisfactory, insufficient or inadequate, the trial court did not abuse its discretion by maintaining the protective order. As a result, the court of appeals erred in conditionally granting a writ of mandamus. Accordingly, we conditionally grant Daisy's request that the court of appeals' mandamus order be set aside.

In May 1994, Claudia Sanchez was accidentally shot in the eye by a BB from her minor nephew's Daisy model $840/841$ BB gun. In the underlying product-liability suit, Sanchez alleges that defects in the Daisy BB gun's gravity-feed system were a producing or proximate cause of her eye injury.

Unrelated to Sanchez's suit, Griffin appeared on the ABC News Program "20/20" to defend the safety of the Daisy BB gun's gravity-feed system. During the program, he claimed that Daisy products were reliable, and that the expert witness Sanchez would eventually hire for her product-liability suit was not credible.

After serving interrogatories and requests for production and deposing a Daisy engineer, whom Daisy had offered as its corporate representative, Sanchez sought Griffin's deposition. The trial court considered and then overruled Daisy's motion for protection, compelling Griffin's deposi-

tion. In the court of appeals' first opinion in this case, it granted mandamus relief to Daisy, concluding that Sanchez could not depose Griffin because she had failed to arguably show that Griffin had "unique or superior knowledge of discoverable information" as *Crown Central*'s first guideline step requires.[5] Addressing Griffin's statements on 20/20, the court concluded that a corporate official's generalized opinion on the safety of one of his company's products "does not imbue that official with unique or superior knowledge." [6] The court then ruled that because Sanchez could not arguably show that Griffin had unique or superior knowledge of discoverable information, *Crown Central* required her to seek discovery through less-intrusive methods.[7] It therefore ordered the trial court to vacate its order compelling Griffin's deposition and grant Daisy's motion for protection.

Sanchez subsequently deposed three of Daisy's current and former officers: Engineering Director Michael Bare; Vice President of Operations Ronald Joyce; and Vice President of Marketing Lynn Scott. She then returned to the trial court and requested that the protective order be lifted, claiming that: (1) the depositions indicated that Griffin's deposition would lead to the discovery of admissible evidence; (2) she exhausted less-intrusive discovery methods by taking these depositions; and (3) the deposition results were unsatisfactory, insufficient or inadequate. The trial court denied Sanchez's request and she again sought mandamus relief from the court of appeals. In its second opinion, the court of appeals concluded that Sanchez had satisfied *Crown Central*'s second guideline step by showing: (1) a reasonable indication that Griffin's deposition was calculated to lead to the discovery of ad-

---

3. *See Crown Central,* 904 S.W.2d at 128.

4. *Id.*

5. *In re Daisy Mfg. Co., Inc.,* 976 S.W.2d 327, 329 (Tex.App.—Corpus Christi 1998, orig. proceeding).

6. *Id.*

7. *See id.*

missible evidence, and (2) that the less-intrusive methods of discovery were unsatisfactory, insufficient or inadequate.[8] The court therefore conditionally granted the writ of mandamus, compelling the trial court to lift the protective order. Daisy now petitions this Court for a writ of mandamus, requesting that we vacate the court of appeals' order.

■■■ To determine whether the court of appeals improperly granted mandamus relief, this Court focuses on whether the trial court's ruling was an abuse of discretion.[9] If the trial court did not abuse its discretion, then the court of appeals erred in granting mandamus relief.[10] Mandamus relief is available only when the record establishes (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of an adequate remedy by appeal.[11] Because the court of appeals erred when it disturbed the trial court's order, exercise of our mandamus authority is proper.[12]

■■■ The court of appeals noted in its first opinion in this case that "[i]f additional good faith efforts to obtain discovery through less intrusive means fail, i.e. deposing other Daisy corporate officials, Sanchez may seek to have the protective order vacated or modified."[13] And Sanchez argues that she can now depose Griffin because she followed the court of appeals' suggestion and deposed three lower-level Daisy officials. But a discovering party's burden is not perfunctorily met by any showing that the party employed less-intrusive discovery methods. *Crown Central* states only that "[d]epending upon the circumstances of the particular case, [less intrusive] methods could include the

depositions of lower level employees, the deposition of the corporation itself, and interrogatories and requests for production of documents directed to the corporation."[14] *Crown Central*, rather, instructs courts to measure whether the discovering party made a *reasonable* effort to obtain discovery through less-intrusive methods. Merely completing some less-intrusive discovery does not trigger an automatic right to depose the apex official.

■■ In this case, Sanchez argues that Griffin's deposition was calculated to lead to the discovery of admissible evidence because Griffin, as Daisy's CEO, has access to information responsive to forty-eight unanswered "areas of inquiry." The court of appeals succinctly summarized these "areas of inquiry" as: company policy; design of the gravity-feed system vs. design and implementation of a positive feed system; product defects; sales; net worth; Griffin's comments on 20/20; Griffin's opinions of Sanchez's expert; other lawsuits filed; settlements of those suits; content of internal memoranda; use of children's pictures on the rifle boxes; warnings; and safety standards.[15] Further, Sanchez contends that Griffin's deposition will lead to the discovery of admissible evidence "because he has the power to unilaterally change company policies and procedures." Sanchez asserts that the lower-level officials' depositions all point to Griffin as having information responsive to her inquiries.

But the unanswered areas of inquiry do not justify Griffin's deposition because the evidence indicates that even if Griffin were deposed, he has little first-hand information about the areas of inquiry. For exam-

8. *In re Sanchez*, 991 S.W.2d 507, 509 (Tex. App.-Corpus Christi 1999, orig. proceeding).

9. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

10. *See id.*

11. *See Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992).

12. *See Johnson*, 700 S.W.2d at 917.

13. *See In Re Daisy*, 976 S.W.2d at 330.

14. *See Crown Central*, 904 S.W.2d at 128 (emphasis added).

15. *See* 991 S.W.2d at 509 n. 4.

ple, many of the areas of inquiry focus on diagrams of the BB gun's gravity-feed system. But Griffin's affidavit specifically denies any knowledge of such diagrams. As for the other areas of inquiry, they primarily focus on general business information. The trial court correctly recognized that even if Daisy produced Griffin for deposition, Sanchez would not get answers to the remaining areas of inquiry.

Importantly, Sanchez fails to articulate how the less-intrusive discovery (the depositions) was unsatisfactory, insufficient or inadequate. She offers only that after the lower level officials' depositions, the unanswered "areas of inquiry" remained. But the deposed officials, while indicating that Griffin had access to information because he was the CEO, did not show that the information could not be obtained by less-intrusive methods. In fact, these officials actually pointed to an accountant and a design engineer who could respond to many of Sanchez's areas of inquiry.

*AMR Corporation v. Enlow* [16] provides a good example. In that case, the Second Court of Appeals overturned the trial court's decision to allow AMR CEO Robert Crandall's deposition even though the plaintiffs had deposed thirteen lower-level employees. The court reasoned that the *AMR* plaintiffs "ha[d] not even taken the corporation's deposition ... [to require] American to produce a corporate representative with the most knowledge of American's alcohol policies and training—the exact information that they seek from Crandall." [17] In essence, the court recognized that a discovering party's effort at discovery must be reasonable. And if not, *Crown Central*'s standards have not been met.

■ In *AMR,* the plaintiff argued that AMR CEO Robert Crandall could be deposed in a dramshop negligence case be-

cause he had ultimate authority on all of AMR's policies, including alcohol service policies. But in concluding that Crandall could not be deposed, the court of appeals correctly stated that this argument "amount[s] to nothing more than the simple, obvious recognition that the highest-ranking corporate officer of any corporation has the ultimate responsibility for all corporate decisions...." [18] While the Second Court of Appeals applied this rationale to *Crown Central*'s "unique or superior knowledge" analysis,[19] we believe it applies equally to measure whether the apex deposition is reasonably calculated to lead to the discovery of admissible evidence that less-intrusive methods would be unsuccessful in discovering. Allegations of ultimate responsibility and access are not enough; parties must demonstrate that the deposition is reasonably calculated to lead to the discovery of admissible evidence that cannot be obtained by less-intrusive methods. Sanchez's allegations that Griffin had "access" to information and that he was the final policy authority, alone, do not satisfy *Crown Central*'s standard.

The court of appeals in this case, like Sanchez, relied on the unanswered areas of inquiry to conclude that Griffin's deposition was calculated to lead to the discovery of admissible evidence and that the less-intrusive discovery methods were unsatisfactory, insufficient or inadequate. As well, the court concluded that the lower-level officials' depositions point to Griffin as having information about the areas of inquiry. But the depositions before the trial court do not reflect that Griffin has any information that could not be obtained by less-intrusive discovery. They suggest only that he has access to it because he is Daisy's CEO. Sanchez has failed to articulate facts reasonably indicating that Griffin's deposition would lead to the discovery of admissible evidence that could not be

---

**16.** 926 S.W.2d 640, 644 (Tex.App.—Fort Worth 1996, orig. proceeding).

**17.** *Id.*

**18.** *Id.*

**19.** *See Crown Central,* 904 S.W.2d at 128; *see also In re Alcatel,* 11 S.W.3d at 174.

obtained by less-intrusive methods. On this record, the trial court could conclude that Sanchez failed to show that the less-intrusive discovery was unsatisfactory, insufficient or inadequate. The trial court, therefore, did not abuse its discretion, and the court of appeals improperly granted mandamus relief.

■ In addition, Sanchez's attorney argued at a motion for protection hearing that he was entitled to Griffin's deposition because "it's only fair to my client and I think it will be a tremendous assistance in settling this case...." The trial court could have also concluded from this remark that Griffin's deposition was not calculated to lead to the discovery of admissible evidence, but was sought for unrelated reasons. And a person noticed for deposition has the right to protection "from undue burden, unnecessary expense, harassment [or] annoyance...."[20] This evidence supports the trial court's conclusion that "[b]ottom line ... this is harassment and you all have not satisfied *Crown.*"

Consequently, without hearing oral argument,[21] we conditionally grant mandamus relief. We instruct the court of appeals to set aside its order of May 6, 1999 and to reinstate the trial court's protective order preventing Griffin's deposition. The writ will issue only if the court fails to do so.

---

**20.** TEX.R. CIV. P. 192.6(b).

**21.** *See* TEX.R.APP. P. 52.8(c).