Opinion issued May 26, 2004











  
 


In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00049-CV
____________
 
IN RE: SWIFT ENERGY COMPANY, Relator
 
 

 
 
On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2003-08396
 

 
 
MEMORANDUM OPINION
          By petition for writ of mandamus, relator, Swift Energy Company, challenges
the trial court’s orders denying Swift’s motion for protection and granting The Beach
Energy Partnership, L.P. and The Beach Energy Group, L.L.C.’s, real parties in
interest’s, motion to compel the deposition of Terry Swift. We conditionally grant
the writ.
Factual and Procedural Background
          Beach sued Swift Energy for breach of contract in connection with oil and gas
exploration. Beach indicated that it intended to depose Terry Swift, the president and
chief executive officer of Swift Energy. Swift Energy refused to produce Swift for
deposition, and Beach filed a motion to compel deposition. In response, Swift Energy
filed its opposition to the motion to compel and a counter-motion for protective order
seeking to preclude Swift’s deposition, contending that Swift was entitled to
protection from this “apex” deposition. The trial court granted Beach’s motion to
compel the deposition and denied Swift Energy’s motion for protective order.
Apex Deposition
          In its sole point of error, Swift Energy alleges that the trial court abused its
discretion by refusing to grant Swift Energy’s motion for protection and in granting
Beach’s motion to compel.

          In ordering or preventing an apex deposition, a trial court must follow Crown
Central’s framework. In re Daisy Mfg. Co., Inc., 17 S.W.3d 654, 657 (2000). Under
Crown Central Petroleum Corp. v. Garcia, 904 S.W.2d 125 (Tex. 1995), if a
discovering party cannot arguably show that a high-level official has unique or
superior knowledge of discoverable information, the trial court must grant a motion
for protection, “and first require the party seeking the deposition to attempt to obtain
the discovery through less intrusive methods.” Id. at 128. The discovering party may
thereafter depose the apex official if, after making a “good faith effort to obtain the
discovery through less intrusive methods,” the party shows that (1) there is a
reasonable indication that the official’s deposition is calculated to lead to the
discovery of admissible evidence and (2) the less-intrusive methods are
unsatisfactory, insufficient or inadequate. In re Daisy Mfg. Co., Inc., 17 S.W.3d at
657. 
          In his affidavit, Swift testified that he had “no unique or superior personal
knowledge about the events” in the case. Furthermore, there has been no showing
that less-intrusive methods of discovery have been unsatisfactory, insufficient, or
inadequate to obtain the requisite information. In fact, as Swift testified in his
affidavit, there is at least one individual who would have superior knowledge to his
of the facts relevant to this lawsuit. As the affidavit states, Swift Energy’s
involvement in the oil well in question was
directly managed through the Land and Exploration Departments of the
Company, and decisions pertaining to the Company’s activities in
connection with that property were delegated to senior management
level executives and specifically to or under the direction or supervision
of Joseph A. D’Amico, Executive Vice-President and Chief Operating
Officer for the Company.

          There is nothing in the record indicating that Beach has conducted any
discovery regarding Mr. D’Amico’s knowledge of the facts of this lawsuit or the
results of this discovery. Because Beach failed to demonstrate that Swift had “unique
or superior personal knowledge” and because there is no evidence showing that
less-intrusive methods of discovery are unsatisfactory, insufficient or inadequate, the
trial court abused its discretion by denying the protective order and granting the
motion to compel.
Conclusion
          We conditionally grant Swift Energy’s petition for writ of mandamus. We are
confident that the trial court will vacate its order in accordance with this opinion. We
instruct our clerk to issue the writ only if the trial court fails to comply with this
opinion.
 
                                                                        Per Curiam
Panel consists of Justices Taft, Hanks, and Higley.