In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-388 CV


____________________



IN RE RANDY HALL, INDIVIDUALLY AND 


D/B/A R.H. BUILDERS AND R.H. BUILDERS, INC.







Original Proceeding






MEMORANDUM OPINION


 Thomas Bravenec and Peggy Bravenec filed suit in July 2004 against Randy Hall,
individually and d/b/a R. H. Builders and R. H. Builders, Inc., over alleged construction
defects in their new house. Hall contends the Bravenecs did not comply with mandatory and
jurisdictional requirements of the Texas Residential Construction Commission Act
(TRCCA), and their suit must be dismissed. See Tex. Prop. Code Ann. §§ 426.005(a),
428.001(c) (Vernon Supp. 2005). The Bravenecs argue the Act does not apply to them
because their house was built, the defects were discovered, and their causes of action accrued
prior to September 1, 2003, the Act's effective date. See Act of June 2, 2003, 78th Leg., R.S.,
ch. 458, 2003 Tex. Gen. Laws 1703, 1728 (current version at Tex. Prop. Code Ann. §§
401.001 - 438.001 (Vernon Supp. 2005)). The trial court denied Hall's dismissal motion. 
Hall filed this mandamus petition seeking to compel the trial court to dismiss the suit. We
deny the petition for writ of mandamus.

 Mandamus relief is available when the trial court clearly abuses its discretion or
violates a duty imposed by law and there is no adequate remedy by appeal. In re Daisy Mfg.
Co., 17 S.W.3d 654, 658 (Tex. 2000). A trial court abuses its discretion if it fails to correctly
analyze or apply the law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

 The parties executed a "Residential Purchase Agreement" in February 2002 for the
construction and purchase of a house. While the house was being built, the Bravenecs
informed Hall of construction defects. In December 2002, the house was completed, closing
occurred, and the Bravenecs began occupying the house. The Bravenecs then brought other
construction defects to Hall's attention. Thomas Bravenec testified he discovered and told
Hall about all the complaints prior to September 1, 2003. Bravenec also testified he made
written complaints to Hall in October, November, and December 2003. Hall worked to
correct some of the problems. The Bravenecs filed suit on July 26, 2004. 

 Effective September 1, 2003, the Texas Residential Construction Commission Act
created a state commission to oversee the registration of homes, homebuilders, and
remodelers; to administer a state-sponsored inspection and dispute resolution process; and
to create limited statutory warranties and building and performance standards. See Tex.
Prop. Code Ann. §§ 401.001-438.001 (Vernon Supp. 2005). The Act provides that before
suit may be filed on any action for damages or other relief arising from a "construction
defect," the homeowner or builder must comply with Subtitle D of the Act, which includes
a state-sponsored inspection and dispute resolution process. See Tex. Prop. Code Ann. §§
426.005, 428.001-428.005 (Vernon Supp. 2005). Hall says the Bravenecs did not comply
with the requirements of the Act's state-sponsored inspection and dispute resolution process. 
Hall argues the suit must therefore be dismissed. 

 The Bravenecs say the defects they complain of were discovered before September
1, 2003, and their suit does not fall under the Act. Pursuant to its rule-making authority, (1)
 the
Commission adopted the following rule, section 313.1, relating to the state-sponsored
inspection and dispute resolution process: 


 § 313.1. Purpose.


 

 (a) The state-sponsored inspection and dispute resolution process (SIRP)
described in this chapter applies to a dispute that:


 (1) is between a homeowner and a builder;


 (2) arises from a transaction governed by the Act;


 (3) is a result of alleged construction defect(s) that were discovered on 
 or after September 1, 2003[.] 

 . . . .


10 Tex. Admin. Code § 313.1 (Supp. 2005). Ordinarily, a court construes administrative
rules "like statutes." Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307, 310 (Tex.
1976). If the rule's meaning is unambiguous, courts look to the plain meaning of the rule. 
State ex rel. Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002). The rule here is not ambiguous. If the alleged construction defect was discovered
before September 1, 2003, the state-sponsored inspection and dispute resolution process does
not apply to the dispute. See 10 Tex. Admin. Code § 313.1 (Supp. 2005). The rule is
consistent with the statute itself, which provides it is to take effect September 1, 2003. An
agency rule is presumed valid, and the party challenging the rule bears the burden to
demonstrate its invalidity. Office of Pub. Util. Counsel v. Public Util. Comm'n, 104 S.W.3d
225, 232 (Tex. App.--Austin 2003, no pet.). On appeal, Hall does not demonstrate the
Commission rule is invalid. (2) 

 The record contains uncontroverted testimony that the Bravenecs discovered the
alleged defects and informed Hall of their existence prior to September 1, 2003. The SIRP
process therefore does not apply to the claims asserted in this suit. Because the trial court
correctly applied the law to the facts of this case and did not abuse its discretion, the petition
for writ of mandamus is denied. 

 PETITION FOR WRIT OF MANDAMUS DENIED. 


 PER CURIAM


Submitted on October 10, 2005

Opinion Delivered December 15, 2005


Before Gaultney, Kreger, and Horton, JJ.
1. Section 408.001 provides as follows:

 The commission shall adopt rules as necessary for the implementation of this title, 

 including rules:

 (1) governing the state-sponsored inspection and dispute resolution
process, including building and performance standards, administrative
regulations, and the conduct of hearings under Subtitle D;

 . . . .


Tex. Prop. Code Ann. § 408.001 (Vernon Supp. 2005). 

2. In an ex parte communication on June 28, 2005, Bravenec sent the Texas Residential
Construction Commission an e-mail asking whether the TRCC dispute resolution system was
to be used under the facts of the case. Responding to the e-mail, the TRCC stated as follows:


 The State-sponsored Inspection and dispute Resolution Process (SIRP), is
administered through the Texas Residential Construction Commission, and
only available for alleged post-construction defects that were discovered on or
after September 1, 2003, the effective date of the commission. Strictly based
upon the information provided, it appears from the dates and information
provided in your correspondence that the alleged defects in your home were
discovered prior to September 1, 2003 (the effective date of the statu[te]
creating the commission). Based upon this, it appears these issues are not
eligible for the SIRP. Should other information be provided, this
determination may not be correct. 


We do not give binding effect to an informal ex parte letter from the Commission to one of
the parties. See Christus Health Gulf Coast v. Aetna, Inc., 167 S.W.3d 879, 887 (Tex. App.--Houston [14th Dist.] 2005, pet. filed).