

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00088-CV

IN RE MARIO ALBERTO LECHUGA, RELATOR

Original Proceeding

May 7, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Mario Alberto Lechuga, filed a petition for writ of mandamus seeking an order from this Court directing the trial court to vacate its February 24, 2015 order on motion to set aside mediated settlement agreement and enter judgment in accordance with the settlement's terms. The respondent is the Honorable Delwin McGee, Judge of the Moore County Court at Law. The real-party-in-interest is Rosa Lechuga. Upon request by this Court, Rosa filed a response to Mario's petition. We will conditionally grant the petition.

## Factual and Procedural Background

The Lechugas are in the process of getting a divorce. After being referred to mediation by court order, the parties entered into a mediated settlement agreement (MSA) on November 19, 2014. The MSA resolved the parties' dispute regarding child-related issues and division of the marital estate.

On December 17, 2014, Rosa filed a motion to set aside the MSA. In this motion, Rosa states that "[a]fter thought and reflection regarding the [MSA], [Rosa] believes that the Agreement is not fair and does not reflect a fair division of the properties." She also indicates that she "'rushed into' the agreement without a full understanding of what she was agreeing to." After a hearing was held on the motion, the trial court ordered that the MSA be set aside and that Rosa reimburse Mario for mediation expenses incurred in reaching the MSA. Mario filed the instant original proceeding challenging the trial court's order setting aside the MSA.

In this original proceeding, Mario presents two issues. Mario's first issue contends that the trial court clearly abused its discretion when it set aside the MSA that complied with the requisites of Texas Family Code sections 6.602 and 153.0071. By his second issue, Mario contends that none of the statutory or common law defenses to enforcement of a statutorily compliant MSA apply in this case.

Mandamus issues only to correct a clear abuse of discretion, or the violation of a duty imposed by law, and where there is no adequate remedy by appeal.[1] *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). The question of whether the trial court erroneously refused to render judgment on an MSA is a proper subject for mandamus. *In re Lee*, 411 S.W.3d at 450 n.7. A clear failure by the trial court to properly analyze or apply the law constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To demonstrate an abuse of discretion of a trial court's resolution of factual matters, the relator must establish that the trial court could reasonably have reached only one decision and that its finding to the contrary is arbitrary and unreasonable. *See id.* The reviewing court defers to the trial court's factual determinations if they are supported by the evidence, but reviews the trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Thus, we review the trial court's determination that an MSA is or is not enforceable, which is a conclusion of law, *de novo*. *Boyd v. Boyd*, 67 S.W.3d 398, 404-05 (Tex. App.—Fort Worth 2002, no pet.).

The MSA

By his first issue, Mario contends that the parties signed an irrevocable MSA, under Texas Family Code sections 6.602 and 153.0071. By his second issue, Mario

---

[1] After setting aside the MSA, the trial court ordered the parties back to mediation. Because of this second mediation and any subsequent trial, Rosa contends that Mario is not denied an adequate remedy at law in this case. However, the Texas Supreme Court has expressly provided that a trial court's erroneous refusal to enter judgment on a statutorily compliant MSA is properly remedied by mandamus relief. *See In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding).

contends that no statutory or common law defenses to enforcement of a statutorily compliant MSA apply in this case. As such, Mario contends that the trial court clearly abused its discretion in granting Rosa's motion to set aside the MSA.

An MSA is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type, capital letters, or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by each party's attorney, if any, who is present at the time the agreement is signed. TEX. FAM. CODE ANN. §§ 6.602(b) (West 2006), 153.0071(d) (West 2014).[2] If an MSA meets these requirements, a party is entitled to judgment on the MSA notwithstanding Rule 11 of the Texas Rules of Civil Procedure or any other rule of law. §§ 6.602(c), 153.0071(e).

In the present case, neither party disputes that the MSA met each of the requirements above. Further, our review of the MSA reveals that it meets these requisites. Rather, the dispute in this proceeding relates to whether there was evidence that would establish a defense to the provisions cited above that make an MSA irrevocable and entitled to enforcement.

A court is authorized to decline to enter a judgment on an MSA that meets the above standard if the court finds that a party to the MSA was a victim of family violence, that the family violence impaired the party's ability to make decisions, and the MSA is not in the best interest of the child or children. §§ 6.602(e-1); 153.0071(e-1). For this narrow exception to apply, all three requirements must be found by the trial court. *See*

---

[2] Further reference to provisions of the Texas Family Code will be by reference to "section ___," or "§ ___."

4

*In re Lee*, 411 S.W.3d at 453. No allegation or evidence of family violence exists in this case. Therefore, the statutory exception to the irrevocability of the MSA does not apply.

In addition to the statutory exception, some courts of appeals have held that an MSA that meets the statutory requirements need not be enforced by a trial court if the MSA is illegal or was procured by fraud, duress, coercion, or other dishonest means.[3] *See In re Hanson*, No. 12-14-00015-CV, 2015 Tex. App. LEXIS 1927, at *7-8 (Tex. App.—Tyler Feb. 27, 2015, orig. proceeding) (mem. op.); *In re A.B.*, No. 05-14-01123-CV, 2015 Tex. App. LEXIS 708, at *14 (Tex. App.—Dallas Jan. 27, 2015, no pet.) (mem. op.); *Boyd*, 67 S.W.3d at 403-05. In the present case, there is no allegation or evidence that any provision of the MSA is illegal. Rather, Rosa has made certain allegations that could indicate that she entered into the MSA under duress and/or that Mario fraudulently failed to disclose certain marital assets.

Rosa made certain contentions that she entered into the MSA under duress. In her motion to set aside the MSA, Rosa contended that she was "'rushed into' the [MSA] without a full understanding of what she was agreeing to." At the hearing on the motion, Rosa elaborated by explaining that she felt pressured to sign the MSA because she knew that her attorney had to leave early for an appointment. Further, Rosa contended at the hearing that neither her attorney nor Mario's attorney reminded her that she did not have to sign the MSA on the day that she entered into it. "Duress occurs when, due to some kind of threat, a person is incapable of exercising her free agency and unable

---

[3] Because we conclude that there was no evidence that the MSA in this case was illegal or procured by fraud, duress, coercion, or other dishonest means, we need not determine whether we agree that such evidence establishes an exception to the irrevocability and entitlement to enforcement of a statutorily compliant MSA.

to withhold consent." *In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied) (en banc). Nothing that Rosa identified in her motion or at the hearing on her motion constituted a threat and nothing could be said to have risen to a level that would make Rosa incapable of exercising her free agency or unable to withhold her consent. Therefore, to the extent that it set aside the MSA on the basis that Rosa entered into it under duress, the trial court abused its discretion.

However, Rosa also makes contentions that could indicate that she entered into the MSA due to Mario's fraud. In her motion to set aside the MSA, Rosa contends that the MSA is not fair and does not reflect a fair division of the community estate. In her testimony at the hearing, Rosa stated that she believes that Mario has failed to disclose assets of the community. Review of the record reveals that the only allegation of a failure to disclose assets made by Rosa relate to a debt on the family house that was awarded to Mario in the MSA. However, Rosa testified that she was aware of the debt at the time that the parties entered into the MSA. In fact, the MSA makes Mario liable for the debt on the house. As such, there is no evidence that Mario failed to disclose any assets or debts. Rather, it appears that Rosa, "after thought and reflection," simply decided that she was not happy with the property division reflected in the MSA. However, dissatisfaction with the agreement reflected in an MSA is not a valid basis upon which the trial court can set aside a statutorily compliant MSA. *See* §§ 6.602(c), 153.0071(e) (a party is entitled to judgment on a statutorily compliant MSA); *Boyd*, 67 S.W.3d at 403-05 (exception if procured by fraudulent nondisclosure). Mere surmise and speculation is no evidence of fraud. *See KCM Fin. LLC v. Bradshaw*, 58 Tex. Sup. Ct. J. 437, 2015 Tex. LEXIS 220, at *46 (Tex. Mar. 6, 2015). As such, to the extent that

the trial court set aside the MSA due to Mario's fraudulent nondisclosure, we conclude that it abused its discretion.

Because there was no evidence presented to the trial court that would support either the statutory or the case law exceptions to the trial court's duty to enforce a statutorily compliant MSA, we conclude that the trial court abused its discretion in setting aside the parties' MSA.

## Conclusion

Having concluded that the trial court abused its discretion when it granted Rosa's motion to set aside the parties' MSA and that mandamus relief is available to correct this abuse of discretion, we conditionally grant mandamus relief. We trust that the trial court will promptly vacate its February 24, 2015 Order on Motion to Set Aside Mediated Settlement Agreement and render judgment on the parties' MSA. The writ will issue only if the trial court fails to comply with the Court's opinion and order within ten days after the date of the opinion and order. The trial court shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of its order evidencing such compliance.

Mackey K. Hancock
Justice

7