

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00230-CV

**IN RE SEMGROUP CORP.**, Rose Rock Midstream, L.P., and Rose Rock Midstream Field Services, LLC

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:         Karen Angelini, Justice
                   Marialyn Barnard, Justice
                   Patricia O. Alvarez, Justice

Delivered and Filed:  June 1, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators, SemGroup Corp., Rose Rock Midstream, L.P. and Rose Rock Midstream Field Services, LLC, seek mandamus relief from an order compelling two apex depositions. Because the real parties in interest did not meet the requirements necessary to justify the apex depositions, the trial court abused its discretion by ordering the apex depositions. Therefore, we conditionally grant mandamus relief. *See* TEX. R. APP. P. 52.8.

### BACKGROUND

This original proceeding arises out of a wrongful death lawsuit resulting from a multiple vehicle accident involving a tractor-trailer. The real parties in interest, the widow and surviving

---

[1] This proceeding arises out of Cause No. 15-01-13356-ZCV, styled *Maribel Rodriguez, et al. v. Rose Rock Midstream Field Services, LLC, et al*, pending in the 293rd Judicial District Court, Zavala County, Texas, the Honorable Bill C. White presiding.

children of an individual who died as a result of injuries suffered in the accident, brought suit against: (1) the driver of the tractor-trailer; (2) his employer, Rose Rock Midstream Field Services, LLC; and (3) several affiliated companies, including Rose Rock Midstream, L.P.; SemManagment, LLC; and SemGroup Corporation. Relators allege that the driver of the tractor-trailer was on his cellphone at the time of the accident. Relators argue that a more stringent mobile device policy, coupled with the use of a driver camera system could have prevented the accident. Relators also contend that driver safety was compromised by: (1) Rose Rock Midstream Field Services, LLC's rapid growth through the acquisition of two other companies, and (2) the acquisition of a "take or pay" contract which increased the pressure on Rose Rock Midstream Field Services, LLC to haul daily a minimum amount of product or incur a penalty.

In the course of discovery, the real parties in interest noticed the deposition of four corporate officers. The corporations filed motions for protection, supported by the affidavits of the officers in which the officers denied any knowledge of relevant facts. The trial court granted the motions as to two of the officers, but denied the motion as to two others: Norm Szydlowski and Pete Schwiering. Szydlowski is the former chief executive officer of SemGroup Corporation, the parent corporation of all the corporate defendants. Schwiering is a vice president of SemGroup and chief operating officer of several affiliated companies, including the driver's employer, Rose Rock Midstream Field Services, LLC.

## STANDARD OF REVIEW

"Mandamus relief is available only to correct a 'clear abuse of discretion' when there is no other adequate remedy at law." *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000). Mandamus is proper when a trial court erroneously allows an apex deposition. *See id.* (mandamus relief appropriate when trial court abused its discretion by denying motion to quash apex depositions).

The Texas Supreme Court first adopted guidelines for determining if an apex deposition should be allowed in *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125 (Tex. 1995). An apex deposition is the deposition of a "corporate officer at the apex of the corporate hierarchy." *Id*. at 126. When a party seeks an apex deposition and the corporate official or corporation files a motion for protective order accompanied by the official's affidavit denying any knowledge of relevant facts, the party seeking the deposition bears the burden of satisfying a two-step test. *Alcatel*, 11 S.W.3d at 176. First, the party seeking the deposition must show the official has "'unique or superior personal knowledge of discoverable information.'" *Id*. (quoting *Crown Central*, 904 S.W.2d at 128). A showing of "unique or superior knowledge" requires "some showing beyond mere relevance, such as evidence that a high-level executive is the only person with personal knowledge of the information sought or that the executive arguably possesses relevant knowledge greater in quality or quantity than other available sources." *Id.* at 179.

If the party seeking the deposition fails to establish the first prong of the test, the trial court should grant the motion for protection and "first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Crown Central*, 904 S.W.2d at 128. The second prong of the *Crown Central* test involves less intrusive methods of discovery, which "could include the depositions of lower level employees, the deposition of the corporation itself, and interrogatories and requests for production of documents directed to the corporation." *Id*. The party seeking the apex deposition must show the information it seeks cannot "be obtained by less-intrusive methods." *In re Daisy Mfg. Co*., 17 S.W.3d 654, 659 (Tex. 2000). After making a good faith effort to use less intrusive methods, the party seeking the deposition must then show "(1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient or inadequate." *Crown Central*, 904 S.W.2d at 128.

**ANALYSIS**

The real parties in interest sought the apex depositions to investigate four matters: (1) the development, content, and application of the corporate mobile device policy; (2) the decision not to install a "driver-cam" camera system in company vehicles hauling petroleum products; (3) the growth of Rose Rock Midstream Field Services through the acquisition of two trucking companies; and (4) a "take or pay" contract. As the party seeking the depositions, the real parties in interest had the burden to show that Szydlowski and Schwiering had "unique or superior personal knowledge of discoverable information," as to these matters. *Id*.

With regard to the corporate mobile device policy, the record reflects that Szydlowski, as CEO, appointed a team to develop a corporate mobile device policy and offered input during the development of the policy. During discovery, real parties in interest were provided a copy of the policy and have taken the depositions of corporate officers who were more directly involved in the development, promulgation, and application of the policy. In seeking to take Szydlowski's deposition on this issue, real parties in interest failed to show that Szydlowski had "unique or superior knowledge of the discoverable information." *Id*. Thus, the real parties in interest failed to meet their burden under the first prong of the two prong test.

In their response, the real parties in interest point to a discussion by industry safety experts regarding the value of a total ban on the use of mobile devices by drivers, and assert the record shows the corporate defendants were aware of these discussions. However, the real parties in interest have not shown that Szydlowski had any unique or superior personal knowledge of these discussions. Similarly, the real parties in interest have not shown that Szydlowski had any unique or superior personal knowledge regarding the acquisition of the trucking companies, the take or pay contract, or the decision not to install a camera system in company vehicles.

As with Szydlowski, the real parties in interest also failed to show that Schwiering, in his various corporate capacities, had the requisite knowledge to meet the first prong of the *Crown Central* test. The real parties in interest engaged in extensive discovery, which included obtaining a large number of corporate emails. This discovery showed that, like Szydlowski, Schwiering had input in the development of the mobile device policy. However, evidence in the record does not indicate that Schwiering's information would be superior in quantity or quality to the information available to the real parties in interest through less intrusive discovery. The same is true of the other areas about which the real parties in interest seek to depose Schwiering.

Real parties in interest claim that they need Schwiering's deposition to determine why the corporate defendants did not institute a driver camera system until after the accident. However, the real parties in interest fail to show that Schwiering had any unique personal knowledge of this decision. Information on this corporate decision is available from a number or sources, and the record reflects that some, if not all of this information has already been provided to real parties in interest in the form of document production and depositions. The same is true regarding the expansion of Rose Rock Midstream Field Services by the acquisition of two trucking companies and the take of pay contract. Real parties in interest have not shown that Schwiering's knowledge of these matters was superior in quantity or quality to information available using or already provided in response to less intrusive discovery methods.

Having failed to meet the first prong of the *Crown Central* test, the real parties in interest were required to satisfy the second requirement before they could take the apex depositions. This requires real parties in interest to show that, after a good faith effort to obtain the discovery through less intrusive methods, there is a reasonable indication that the apex depositions are "calculated to lead to the discovery of admissible evidence," and "the less intrusive methods of discovery are unsatisfactory, insufficient or inadequate." *Crown Central*, 904 S.W.2d at 128. Real parties in

interest have not satisfied this second requirement. Notably, real parties in interest have not taken the depositions of the corporate representatives for the respective corporations. Further, although real parties in interest have conducted a number of depositions and obtained substantial written production, they do not identity any relevant information that they seek from the apex depositions that they attempted and failed to obtain from these other sources. *See In re Alcatel*, 11 S.W.3d at 180 (party failed to identify relevant information it sought from apex deponent that it had attempted and failed to obtain from other deponents). Therefore, the real parties in interest have not met their burden under the second prong of the *Crown Central* test.

## CONCLUSION

Because the plaintiffs have not satisfied the requirements necessary to justify the taking of the apex depositions ordered by the trial court, we conditionally grant mandamus. We order the trial court to vacate its April 5, 2016 order denying Relator's motion for protective order and motion to quash and compelling the depositions of Norm Szydlowski and Pete Schwiering. The writ will only issue if the trial court fails to do so.

Marialyn Barnard, Justice