

# NUMBER 13-18-00308-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE BLUE CREEK REAL PROPERTIES, LLC
## AND THOMAS DAN FRIEDKIN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa[1]**

Relators Blue Creek Real Properties, LLC (Blue Creek) and Thomas Dan Friedkin filed a petition for writ of mandamus in the above cause seeking to quash the deposition of Friedkin under the "apex" deposition doctrine. *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128–29 (Tex. 1995) (orig. proceeding); *see also In re Daisy Mfg. Co., Inc.*, 17 S.W.3d 654, 656–60 (Tex. 2000) (orig. proceeding) (per curiam); *In re Alcatel*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*USA, Inc.*, 11 S.W.3d 173, 175–81 (Tex. 2000) (orig. proceeding). This case arises from a multi-party suit over the construction of a grass turf runway and holding apron on Blue Creek Ranch in El Campo, Texas. Blue Creek, the leaseholder of the ranch, hired Gadberry Construction Company, Inc. (Gadberry) to construct the runway project. Blue Creek ultimately brought suit against Gadberry alleging that it "failed to properly plan, staff, manage or execute the work, . . . its work failed to conform with the contract requirements with regard to both time and quality; it failed to pay many of its subcontractors, . . . and it ultimately abandoned the Project before it was substantially complete." In turn, Gadberry filed suit against Blue Creek and third-party defendants Friedkin Companies, Inc., The Friedkin Group, Inc., and the Thomas H. Friedkin Trust, alleging, inter alia, that Blue Creek routinely increased Gadberry's scope of work, modified specifications, altered contract requirements, and interfered with Gadberry's work causing significant costs and delays. Friedkin serves as the chairman and chief executive officer of The Friedkin Group, Inc., but is not a party to the underlying litigation.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). Relators bear the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re*

2

*Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

As it pertains to the specific issue presented in this original proceeding, mandamus relief is appropriate when a trial court abuses its discretion by denying a motion to quash an apex deposition. *In re Alcatel USA, Inc.*, 11 S.W.3d at 175; *In re TMX Fin. of Tex., Inc.*, 472 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) ("A party may properly seek mandamus relief to determine whether the trial court correctly ordered an apex deposition."); *In re Miscavige*, 436 S.W.3d 430, 435 (Tex. App.—Austin 2014, orig. proceeding) ("Mandamus relief is appropriate when a trial court allows an apex deposition to go forward in violation of the standard governing such discovery.").

We conclude that relators have not met their burden to obtain mandamus relief. *See In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker*, 827 S.W.2d at 840. First, relators have failed to meet the requirements to quash an apex deposition as expressly delineated by the Texas Supreme Court insofar as the record fails to include an affidavit by Friedkin denying any knowledge of relevant facts. *See In re Alcatel USA, Inc.*, 11 S.W.3d at 175 ("A party initiates the *Crown Central* guideline proceedings by moving for protection and filing the corporate official's affidavit denying any knowledge of relevant facts."); *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128 (providing "guidelines" for determining when a party seeks to depose an apex official requiring the movant to file a

3

"motion for protective order to prohibit the deposition accompanied by the official's affidavit denying any knowledge of relevant facts"). As an intermediate appellate court, we are not at liberty to alter this existing precedent. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666 (Tex. 2008). Second, based on the record presented, the trial court acted within its discretion in determining that Friedkin has unique and superior personal knowledge of discoverable information related to the construction project at issue pertaining to, inter alia, the timeline for completion and various design decisions pertaining to the project, including the style and size for the hangar, the number of airplanes to be stored there, the size and construction materials for the ramp, the runway width and length, the installation of an irrigation system, and the site layout. *See In re Alcatel USA, Inc.*, 11 S.W.3d at 177; *Cent. Petroleum Corp.*, 904 S.W.2d at 128. Third, and finally, we note that the mandamus record contains flatly conflicting statements by various witnesses regarding Friedkin's knowledge of the project. We may not resolve disputed facts in an original proceeding. *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Gadberry, the reply filed by relators, and the record presented, is of the opinion that relators have not established their right to mandamus relief. In so holding, we note that the trial court has endeavored to balance the rights of the parties by initially proceeding with depositions on written questions and by partially granting relators' motion to quash and motion for protection. We are confident that the trial court will

4

ensure that further discovery is conducted in accordance with the Texas Rules of Civil Procedure. We deny the petition for writ of mandamus without prejudice to any other issues that might arise pertaining to the forthcoming deposition.

LETICIA HINOJOSA
Justice

Delivered and filed the
26th day of July, 2018.