

## NUMBER 13-19-00409-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE SOUTHWEST KEY PROGRAMS, INC.
## AND LILIANA SALINAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Justices Benavides, Hinojosa, and Perkes
## Memorandum Opinion by Justice Perkes[1]

Relators Southwest Key Programs, Inc. and Liliana Salinas filed a petition for writ of mandamus seeking to compel the trial court to vacate orders denying their motions to quash and for protective orders regarding the depositions of fourteen witnesses, "including numerous apex officials."[2]  *See Crown Cent. Petroleum Corp. v. Garcia*, 904

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The depositions at issue in this original proceeding include the following individuals associated with relator Southwest Key Programs, Inc.:  Joella Brooks, the current interim Chief Executive Officer; Yvonne Chor, the current Director of Finance; Erin Marin, the current Chief Financial Officer; Geraldo Rivera, the Vice President of Immigration Services; Victor Garza, Catalina Gracia, David Marshall, Orlando

S.W.2d 125, 128–29 (Tex. 1995) (orig. proceeding); *see also In re Daisy Mfg. Co., Inc.*, 17 S.W.3d 654, 656–60 (Tex. 2000) (orig. proceeding) (per curiam); *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175–81 (Tex. 2000) (orig. proceeding). In the underlying litigation, real parties in interest David Gonzalez Hernandez and Doris Gutierrez have filed suit against relators for personal injuries sustained in an automobile accident. Relators have asserted that they possess "charitable immunity and limitation on liability as to all causes of action alleged" by the real parties under the Charitable Immunity and Liability Act of 1987. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 81.001–.008.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). Relators bear the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

---

Martinez, Rosa Santis, and Anselmo Villarreal, who are current board members; Melody Chung, the former Chief Financial Officer; Elizabeth S. Gonzales, a former board member; Jennifer Nelson Sanchez, and former Vice President; and Juan Sanchez, the former Chief Executive Officer.

Mandamus relief is appropriate when a trial court abuses its discretion by denying a motion to quash an apex deposition. *In re Alcatel USA, Inc.*, 11 S.W.3d at 175; *In re TMX Fin. of Tex., Inc.*, 472 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) ("A party may properly seek mandamus relief to determine whether the trial court correctly ordered an apex deposition."); *In re Miscavige*, 436 S.W.3d 430, 435 (Tex. App.—Austin 2014, orig. proceeding) ("Mandamus relief is appropriate when a trial court allows an apex deposition to go forward in violation of the standard governing such discovery."). Similarly, a "discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding).

We conclude that relators have not met their burden to obtain mandamus relief regarding the matters presented in this original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker*, 827 S.W.2d at 840. Leaving aside other issues pertaining to the applicability of the apex doctrine to all fourteen witnesses, relators have failed to meet the requirements to quash an apex deposition as expressly delineated by the Texas Supreme Court because the record fails to include affidavits by these individuals denying any knowledge of relevant facts. *See In re Alcatel USA, Inc.*, 11 S.W.3d at 175 ("A party initiates the *Crown Central* guideline proceedings by moving for protection and filing the corporate official's affidavit denying any knowledge of relevant facts."); *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128 (providing "guidelines" for determining when a party seeks to depose an apex official requiring the movant to file a "motion for protective order to prohibit the deposition accompanied by the official's affidavit denying any knowledge of relevant facts"); *see also In re Blue Creek Real*

3

*Properties, LLC,* No. 13-18-00308-CV, 2018 WL 3583645, at \*2 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, orig. proceeding [mand. denied]) (mem. op.).  And, to the extent that relators assert that the real parties' production requests are overbroad, such an issue is not before the Court insofar as relators expressly disavow that they are challenging the trial court's oral rulings as to the two corporate representative depositions, which are the only deposition notices in the record that include subpoenas duces tecum.  Accordingly, we lift the stay previously imposed in this case.  *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").  We deny the petition for writ of mandamus.

GREGORY T. PERKES
Justice

Delivered and filed the
17th day of September, 2019.

4