

# NUMBER 13-20-00572-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE TEXAS TRANSEASTERN, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On December 29, 2020, relator Texas TransEastern, Inc. (TransEastern), filed a petition for writ of mandamus seeking to compel the trial court to vacate its order allowing the apex deposition of TransEastern's president, J.J. Isbell, or alternatively, to issue an order strictly limiting the deposition to specified topics. *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128–29 (Tex. 1995) (orig. proceeding); *see also In re Daisy*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Mfg. Co., Inc.*, 17 S.W.3d 654, 656–60 (Tex. 2000) (orig. proceeding) (per curiam); *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175–81 (Tex. 2000) (orig. proceeding).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

As it pertains to the specific issue presented in this original proceeding, mandamus relief is appropriate when a trial court abuses its discretion by denying a motion to quash an apex deposition. *In re Alcatel USA, Inc.*, 11 S.W.3d at 175; *In re TMX Fin. of Tex., Inc.*, 472 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) ("A party may properly seek mandamus relief to determine whether the trial court correctly ordered an apex deposition."); *In re Miscavige*, 436 S.W.3d 430, 435 (Tex. App.—Austin 2014, orig. proceeding) ("Mandamus relief is appropriate when a trial court allows an apex deposition to go forward in violation of the standard governing such discovery."); *see also In re Blue Creek Real Props., LLC*, No. 13-18-00308-CV, 2018 WL 3583645, at *1 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, orig. proceeding [mand. denied]).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Leslie Self, TransEastern's reply, and the

applicable law, is of the opinion that relator has not met its burden to obtain relief.

Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
21st day of January, 2021.