Douglas O. SHUPE, Douglas A. Shupe and Marsha L. Shupe, Appellants,

v.

AMERICAN AIRLINES, INC. and Metro Airlines, Inc., Appellees.

No. 2–94–163–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 22, 1995.

Rehearing Overruled April 20, 1995.

Laurance L. Priddy, Fort Worth, for appellant.

Crouch & Hallett, L.L.P., Debra S. Fitzgerald and Kim M. Meaders, Dallas, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

This is an appeal from a summary judgment granted by the trial court in favor of appellees, the defendants in the trial court.

Appellants Douglas O. Shupe, Douglas A. Shupe, and Marsha L. Shupe brought suit against American Airlines, Inc. and Metro Airlines, Inc. for damages allegedly suffered when those airlines failed to provide certain "meet and assist" services on a connecting flight at the Dallas/Fort Worth International Airport. The issue presented is whether appellants' claims under the Texas Deceptive Trade Practices—Consumer Protection Act [1] and causes of action under theories of negligence and breach of contract are preempted under federal law by the Airline Deregula-

tion Act of 1978, 49 U.S.C.S. § 1305(a)(1) (Law. Co-op.1990).

The district court found in favor of appellees and held that all three causes of action were preempted by the Airline Deregulation Act. We affirm in part and reverse in part, holding: (1) claims under the Texas Deceptive Trade Practices Act *are* preempted by the Airline Deregulation Act; (2) breach of contract claims are *not* preempted where the terms of the contract are set by the parties themselves; and (3) claims of negligence involving "meet and assist" services are *not* preempted.

A review of the appellants' claims is necessary. In their pleadings, appellants alleged that due to mental illness, appellant Douglas O. Shupe was unable to exercise the minimum judgment necessary for him to care for himself and, because he was to travel alone on a flight originating in Louisiana and connecting at the Dallas/Fort Worth International Airport, his parents, appellants Douglas A. Shupe and Marsha L. Shupe, arranged through their travel agent for appellees to provide a "meet and assist" service to ensure that Douglas O. Shupe would be safely escorted onto his connecting flight. Appellants alleged the "meet and assist" service, for which they paid an additional charge above the normal ticket price, was not provided. Appellants also alleged that when Douglas O. Shupe's flight arrived at the airport, he was not met by any airline personnel and, as a result, he wandered in a confused state of mind out of the airline terminal and into the airport parking lot where he received physical injuries during an altercation with airport police.

Appellees moved for summary judgment in the trial court on grounds that all of appellants' causes of action were preempted by section 105(a)(1) of the Airline Deregulation Act of 1978, which prohibits states from "enact[ing] or enforc[ing] any law ... relating to [air carrier] rates, routes, or services." 49 U.S.C.S. § 1305(a)(1) (Law. Co-op.1990). Since the "meet and assist" service in question was, by appellants' own admission, a "service," appellees successfully argued in

---

1. Tex.Bus. & Com.Code Ann. § 17.41–.63 (Vernon 1987 and Supp.1995).

the trial court that state law claims involving airline "services" were preempted under the Airline Deregulation Act. The same argument is again advanced by appellees in a thoughtful and well-reasoned brief.[2]

While the instant case was pending in our court, a virtually identical question was decided by the United States Supreme Court. In *American Airlines, Inc. v. Wolens,* —— U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), the Supreme Court ruled that the Airline Deregulation Act's federal preemption bars state-imposed regulation of air carriers, but does not bar state court enforcement of contract terms set by the parties themselves. The particular questions addressed in that case involved claims brought in Illinois state court alleging that American Airlines' action in changing mileage credits in its frequent flier program for credits passengers had already accumulated constituted a breach of contract and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act), 815 Ill.Comp.Stat. § 505/1 et seq. (1992). *Id.* at —— —— ——, 115 S.Ct. at 822–23.

Because the Illinois Consumer Fraud Act controlled the primary conduct of those parties falling within its governance, the United States Supreme Court held that the Illinois statute could be used as a means to guide and police the marketing practices of airlines. *Id.* at ——, 115 S.Ct. at 823. Noting that the purpose of the Airline Deregulation Act was to prohibit the states from controlling the selection and design of marketing mechanisms appropriate to the furnishing of air transportation services, the Supreme Court held section 1305(a)(1) preempted the plaintiff's claims under the Illinois Consumer

Fraud Act.[3] *Id.* at —— —— ——, 115 S.Ct. at 823–24.

A different result was reached by the high court on the question of whether breach of contract claims are preempted. Reasoning that the Airline Deregulation Act was not intended to regulate contracts between individual parties, the Court held it would not read the preemption clause, 49 U.S.C.S. § 1305(a)(1), to "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings," and ruled breach of contract causes of action were not subject to federal preemption. *Id.* at ——, 115 S.Ct. at 824. The Supreme Court clarified its ruling by noting the disparate treatment of statutory causes of action as opposed to those arising out of contractual agreements:

> This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.

*Id.* at ——, 115 S.Ct. at 829 (footnote omitted).

Not at issue in the case and not addressed in the majority opinion was whether causes of action for negligence are preempted by the statute. Justice Stevens, concurring in part and dissenting in part, stated that while he agreed breach of contract claims were not preempted, he believed private tort actions based on common-law negligence or fraud, or a statutory prohibition against fraud, such as

---

**2.** Appellees rely primarily on cases decided by the Fifth Circuit Court of Appeals relating to the question of preemption of state court claims under the Airline Deregulation Act. In contrast, appellants urge the adoption of the views expressed in cases primarily decided by the Ninth Circuit Court of Appeals. Had the United States Supreme Court not recently ended the conflict between the circuits with its decision in *American Airlines, Inc. v. Wolens,* —— U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), we would feel obligated to address the disparate holdings of the various federal courts. Now, however, given the Supreme Court's pronouncement on this exact question, we consider the conflicts resolved and

look only to the rationale and holding set forth in *Wolens* as controlling authority.

**3.** For purposes of resolving the federal preemption issue, we see no meaningful distinction between the Illinois Consumer Fraud and Deceptive Business Practices Act and the Texas Deceptive Trade Practices—Consumer Protection Act. Tex.Bus. & Com.Code Ann. § 17.41–.63 (Vernon 1987 and Supp.1995). Both are state enactments and directives, which the Supreme Court identified in *American Airlines v. Wolens* as the target of the preemption provision of the Airline Deregulation Act. *See Wolens,* —— U.S. at —— —— ——, 115 S.Ct. at 823–24.

the Illinois Consumer Fraud Act, should not be held to be preempted under the Airline Deregulation Act. *Id.* at ——, 115 S.Ct. at 827 (Stevens, J., concurring in part and dissenting in part). In addressing the theoretical question of negligence and federal preemption, Justice Stevens stated:

> Presumably, if an airline were negligent in a way that somehow affected its rates, routes, or services, and the victim of the airline's negligence were to sue in state court, the majority would not hold all common-law negligence rules to be preempted by [the Airline Deregulation Act]. Like contract principles, the standard of ordinary care is a general background rule against which all individuals order their affairs. Surely Congress did not intend to give airlines free rein to commit negligent acts subject only to the supervision of the Department of Transportation, any more than it meant to allow airlines to breach contracts with impunity.

*Id.* at —— – ——, 115 S.Ct. at 827–28 (Stevens, J., concurring in part and dissenting in part) (footnote omitted) (citations omitted).

Having reviewed the majority opinion and Justice Stevens' concurring opinion, we are persuaded that claims for negligence arising from "meet and assist" services are not preempted by the Airline Deregulation Act.

Our holding is based on the rationale expressed by the United States Supreme Court in Wolens. First, appellants' common-law cause of action for negligence does not fit within the compass of state enactments and directives deemed by the Supreme Court to be the target of section 105(a)(1) of the Airline Deregulation Act. It is not logical to believe allowing a common-law cause of action for negligence in this instance could ever affect, much less hobble, competition for airline passengers, or provide state regulators any additional power over airline rates, routes, or services. Second, allowing a common-law negligence cause of action would not conflict with the "savings clause" of the Federal Aviation Act, which states, "Nothing ... in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such

remedies." 49 U.S.C.S. § 1506 (Law. Co-op.1990). Third, allowing a common-law cause of action for negligence involving "meet and assist" services would not add to the duties of the Department of Transportation, a consideration expressed at the conclusion of the majority opinion in *Wolens*. *Wolens,* —— U.S. at —— – ——, 115 S.Ct. at 825–26. Finally, we note a sister court of appeals has agreed that causes of action based on negligence are not preempted. In *Kiefer v. Continental Airlines, Inc.,* 882 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1994, writ granted), the reviewing court held that a claim for negligence arising when a Continental Airlines flight attendant allegedly dropped a bag from an overhead bin onto the plaintiff's head was not preempted by the Airline Deregulation Act of 1978. Although the ruling in *Kiefer* pre-dates the ruling in *Wolens,* the rationale expressed by our sister court in large measure mirrors that of the Supreme Court in *Wolens. Kiefer,* 882 S.W.2d at 498–505. We find it to be persuasive authority that a cause of action for negligence may be maintained.

In summary, we believe we are constrained to follow the Supreme Court's directive that a cause of action for breach of contract is *not* preempted by the Airline Deregulation Act, but that a cause of action under a state statute such as the Texas Deceptive Trade Practices—Consumer Protection Act *is* preempted. On appellants' common-law negligence cause of action, we believe under the rationale expressed by the Supreme Court in *Wolens,* and our sister court of appeals in *Kiefer,* the cause of action is *not* preempted. We thus sustain points of error two and three and overrule point four. Point one is sustained on the negligence and breach of contract causes of action.

For the reasons stated, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for proceedings consistent with this opinion.