**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00285-CV**
_____

**IN RE SAM HOUSTON ELECTRIC COOPERATIVE, INC.**

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. CV1510279**

**MEMORANDUM OPINION**

Relator Sam Houston Electric Cooperative, Inc. ("SHEC") filed a petition for writ of mandamus, in which it asks this Court to compel the trial court to vacate its order compelling the depositions of its Board of Directors and to grant its motion for protection from the depositions. We conditionally grant the writ of mandamus.

BACKGROUND

Joe D. Berry ("Berry"), individually, on behalf of the surviving heirs and children of Lester B. Berry ("Lester"), as next friend of Kevin M. Berry, and as administrator of the Estate of Lester B. Berry, filed this suit against SHEC, alleging

1

that SHEC shut off power to the home of Lester B. Berry without proper notice, "causing horrendous suffering to and ultimately the awful death of Lester Berry." According to Berry, Lester was disabled and required an oxygen concentrator around the clock, and to work properly the oxygen concentrator needed a constant supply of electricity. Berry asserted causes of action for negligence, gross negligence, survival, and wrongful death.

In his second amended petition, Berry purported to assert a class action "as representative of all others similarly situated," and he added individual defendants, who he alleged were current officers, directors, advisory directors, or advisory directors-at-large of SHEC. Berry pleaded, among other things, that SHEC had breached its fiduciary duties by failing to return margins periodically to its members as required by statute, and that rather than operating as a nonprofit entity, SHEC was confiscating each member's equity. Additionally, Berry asserted that SHEC had failed to retire capital credits.

SHEC and the individual defendants moved to compel arbitration and to stay the class action claims pending arbitration. The trial court signed an order denying the motion, and the defendants appealed. On appeal, this Court reversed the trial court's order and remanded the cause for entry of an order compelling arbitration and staying further proceedings as to the class action claims pending arbitration. *Sam*

2

*Houston Elec. Coop. v. Berry*, No. 09-16-00346-CV, ___ S.W.3d ___, 2017 WL 4319849, at *7 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (not yet released for publication). The trial judge signed an order severing the class action from the wrongful death and survival claims.

Berry then filed a motion in the wrongful death and survival portion of the lawsuit to compel the depositions of the members of SHEC's Board of Directors. In the motion, Berry asserted that he had a right to take the depositions because the Board grants an applicant membership into SHEC and the Board would have knowledge of Lester's membership. Attached to the motion to compel was, among other things, a letter from defense counsel stating that no deposition dates would be offered because members of the Board "have no personal knowledge relevant to this lawsuit."

SHEC responded to the motion to compel and argued that the plaintiffs were "effectively ignoring the court ordered severance of the class action claims from the current survival and wrongful death actions." SHEC alleged that the depositions were unrelated to the pending lawsuit and constituted an abuse of process. Additionally, SHEC asserted that the plaintiffs had not explained the relevance of the Board members' depositions and that the depositions were impermissible under the apex doctrine. According to SHEC, the deposition notices constituted "an

3

attempt to obtain discovery related to the severed putative class action – not the wrongful death allegations currently pending before the Court." SHEC asserted that depositions of SHEC's corporate representatives had been scheduled. The mandamus record reflects that Berry's counsel passed on the depositions of two corporate representatives, whose depositions had been scheduled for June 13, 2019.

Attached to SHEC's response were the affidavits of the Board members, in which they claimed that they lacked personal involvement with the acceptance of Lester's membership and in which they explained that they were generally involved with strategic decision making at a high level, but they were not involved with or personally aware of SHEC's day to day operations and had no knowledge about the circumstances surrounding Lester's death or his relationship with SHEC. SHEC also filed a motion to quash the depositions.

Berry responded and asserted that he has a right to take the depositions of the Board members "because it is permitted by the rules, despite the Board of Directors['] status as a nonparty in this case." In addition, Berry asserted that the requested depositions were reasonably calculated to lead to the discovery of admissible evidence. According to Berry, each individual member of SHEC's Board "has unique and superior personal knowledge of the information sought, for example[,] determining whether an applicant . . . is approved for a membership and

4

disbursements of capital credits." Berry argued that (1) SHEC's documents produced in response to written discovery requests clearly associated SHEC's Board of Directors to membership approval and control of capital credits, and (2) and each individual board member has greater knowledge about the approval of applications than the corporate representatives because applications must be approved by the Board before membership is extended.

Berry asserted that the individual Board members possessed greater knowledge about the quality and quantity of capital credits because the Board determines whether to pay capital credits. According to Berry, the apex doctrine does not protect high-level corporate officials who have firsthand or personal knowledge of particular facts. Berry contended that the Board members' affidavits did not sufficiently deny knowledge of relevant facts, but instead "simply states each individual is not involved with the day to day operations of SHEC and was not personally involved [in] the acceptance of Plaintiff's membership." Finally, Berry asserted that less intrusive means of discovery were not required because the Board members possessed "unique and superior personal knowledge of discoverable information." Berry's fifth amended petition did not include the Board members as parties to the lawsuit.

5

At the hearing on the motion to compel, SHEC's counsel argued that the Board members make policy and upper level decisions, but they have no superior or unique knowledge about Lester's death. SHEC's counsel asserted that, once a motion for protection has been filed, Berry must show that the Board members have superior or unique knowledge and must make a good-faith effort to obtain the discovery through less intrusive methods. SHEC's counsel argued that the depositions of the corporate representatives, which had been scheduled, did not occur because Berry canceled them. In addition, SHEC's counsel stated that Berry had not shown that the Board members had any superior or unique knowledge and pointed out that Berry's response repeatedly mentioned capital credits, which are unrelated to a cause of action for wrongful death.

Berry's counsel argued that because the Board had to approve every member of the cooperative, he is entitled to depositions to find out "what knowledge they had[]" and "if they reviewed the application." According to Berry's counsel, "if it is as [SHEC is] saying and representing, it will be a very short deposition, because if they don't know anything, they don't know anything. But we're entitled to take their deposition to find out what they know." Berry's counsel asserted that because the Board had to approve applications for membership in the cooperative, Berry has a right to take the depositions of the Board members. When SHEC's counsel asked

the trial judge to clarify for the record the unique or superior knowledge on which the court was relying in granting the motion to compel, the following colloquy occurred:

> [THE COURT]: He's elicited sufficient facts that he wants to ask questions of these board members, . . . he certainly has a right to take the deposition.
>
> . . .
>
> [SHEC's counsel]: So this Court has no finding of a unique or superior knowledge?
>
> [THE COURT]: . . . I don't need to make a finding today.
>
> [SHEC's counsel]: Well, Your Honor, that's what *Crown* says, that you do.
>
> [THE COURT]: Then appeal it.
>
> . . .
>
> [THE COURT]: Your Motion to Compel is granted.

SHEC then filed an application for writ of mandamus. Berry did not file a response.

## ANALYSIS

Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000) (orig. proceeding). A trial court abuses its discretion when its ruling is "'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court has

7

no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Mandamus relief is appropriate when a trial court allows an apex deposition to go forward in violation of the standard governing such discovery." *In re Miscavige*, 436 S.W.3d 430, 435 (Tex. App.—Austin 2014, orig. proceeding).

"An apex deposition is the deposition of a corporate officer at the apex of the corporate hierarchy." *AMR Corp. v. Enlow*, 926 S.W.2d 640, 642 (Tex. App.—Fort Worth 1996, orig. proceeding). The apex deposition rule applies when a party seeks to depose a corporate president or other high-level corporate official. *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). "To initiate the apex protections, the party seeking to avoid deposition must move for protection and attach an affidavit from the relevant corporate official denying any knowledge of relevant facts." *In re Miscavige*, 436 S.W.3d at 436.

Once the party opposing the deposition has filed a motion for protection accompanied by an affidavit from the official denying knowledge of relevant facts, the trial court must first determine whether the party seeking the deposition "has arguably shown that the official has any unique or superior personal knowledge of discoverable information." *Crown Cent.*, 904 S.W.2d at 128. A person has unique or superior personal knowledge if he is "the only person with personal knowledge

8

of the information sought" or "arguably possesses relevant knowledge greater in quality or quantity than other available sources." *In re Alcatel USA*, 11 S.W.3d at 179. "If the party seeking the deposition cannot show that the official has any unique or superior personal knowledge of discoverable information, the trial court should grant the motion for protective order and first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Crown Cent.*, 904 S.W.2d at 128.

As discussed above, SHEC filed a motion for protection and provided affidavits from the individual Board members Berry sought to depose. In their affidavits, the Board members stated they were not personally involved with the acceptance of Lester Berry's membership, that they lacked personal knowledge of the facts surrounding Lester's "passing" and they were not involved in the "day to day operations" including "member communications or service termination." The record reflects that the trial court did not determine that the Board members possessed unique or superior personal knowledge. There is no indication in the record before us that the trial court determined that the Board members were the only individuals with personal knowledge of the information sought or that the Board members might possess relevant knowledge greater in quality or quantity than other available sources. *See In re Alcatel USA*, 11 S.W.3d at 179. We agree with

9

SHEC that the trial court abused its discretion by compelling the depositions of SHEC Board members when Berry did not show that the Board members had unique or personal knowledge about Berry's alleged wrongful death cause of action. In addition, potential knowledge of capital credits, which Berry advanced as one of the subjects of the depositions, is not reasonably calculated to lead to the discovery of admissible evidence in the underlying wrongful death cause of action. *See* Tex. R. Civ. P. 192.3(a) (providing that the general scope of discovery includes unprivileged information that is relevant to the subject of the action, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence); Tex. R. Evid. 401 (stating that evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence).

The trial court abused its discretion by ordering the depositions of SHEC's Board members without following the procedures set forth in *Crown Central* and its progeny. We conditionally grant the writ of mandamus and order the trial court to vacate its orders compelling the depositions of the members of SHEC's Board of Directors and orders denying the motions for protection against the apex depositions. The writ will issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

10

Submitted on September 9, 2019
Opinion Delivered October 3, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.