

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00517-CV

**IN RE COOK COMPRESSION LLC**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Beth Watkins, Justice

Delivered and Filed: November 25, 2020

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In the underlying personal injury lawsuit, the trial court granted the plaintiffs/real parties in interest's motion to compel the apex deposition of Marcell Ulrichs, who is the President of Dover Precision Components, one of the related/parent entities of relator/defendant, Cook Compression, LLC. The trial court also denied relator's motion for protective order and sustained plaintiffs' objection to Ulrichs' declaration filed in support of relator's motion. Relator filed its petition on October 22, 2020 and a motion for temporary relief. Although we did not request a response, plaintiffs filed a response on October 27, 2020, to which relator later replied. We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2019CI02008, styled *Luis Bazaldua, et al. v. Dover Energy, Inc. d/b/a Cook Compression, et al.*, pending in the 150th Judicial District Court, Bexar County, Texas. The Honorable Monique Diaz signed the order at issue in this original proceeding.

**STANDARD OF REVIEW**

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. "[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Id.* at 843.

With regard to apex depositions, a party may seek mandamus relief to determine whether the trial court correctly ordered an apex deposition. *See In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000) (orig. proceeding) (mandamus relief appropriate when trial court abused its discretion by denying motion to quash apex depositions); *see also In re Semgroup Corp.*, No. 04-16-00230-CV, 2016 WL 3085875, at *1 (Tex. App.—San Antonio June 1, 2016, orig. proceeding) (mem. op.) (granting mandamus relief because real parties in interest did not meet requirements necessary to justify apex depositions). Thus, mandamus is the appropriate vehicle to challenge the trial court's order mandating that Ulrichs submit to plaintiffs' deposition notice. *See id.*

**DISCUSSION**

In its petition for writ of mandamus, realtor raises two challenges to the trial court's rulings. First, relator asserts the trial court abused its discretion by sustaining plaintiffs' objection to

Ulrichs' declaration and denying its motion for a protective order. Second, relator asserts the trial court abused its discretion by granting plaintiffs' motion to compel the apex deposition.

## A.    Governing Law

When a party seeks an apex deposition and the corporate official or corporation files a motion for protective order accompanied by the official's affidavit denying any knowledge of relevant facts, the party seeking the deposition bears the burden of satisfying a two-step test. *Alcatel*, 11 S.W.3d at 175-76. First, the trial court should determine whether the party seeking the deposition has arguably shown the official has any unique or superior personal knowledge of discoverable information. *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) (orig. proceeding). If the party seeking the deposition fails to establish the first prong of the test, the trial court should grant the motion for protection and "first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Id.* at 128.

The second prong of the *Crown Central* test involves less intrusive methods of discovery, which "could include the depositions of lower level employees, the deposition of the corporation itself, and interrogatories and requests for production of documents directed to the corporation." *Id.* The party seeking the apex deposition must show the information it seeks cannot "be obtained by less-intrusive methods." *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). "Merely completing some less-intrusive discovery does not trigger an automatic right to depose the apex official." *Id.* at 658. "After making a good faith effort to obtain the discovery through less intrusive methods, the party seeking the deposition may attempt to show (1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient or inadequate." *Crown Cent.*, 904 S.W.2d at 128. "If the party seeking the deposition makes this showing, the trial court should modify or vacate the protective order as

appropriate." *Id.* "If the party seeking the deposition fails to make this showing, the trial court should leave the protective order in place." *Id.*

**B.     Ulrichs' Declaration**

Relator filed a motion for protective order to prohibit the deposition accompanied by Ulrichs' "declaration" in which he stated:

> I have no personal knowledge of facts relevant to this case, including the nature of the hiring, retention, training, entrustment, etc. of the Cook Compression driver involved, or of the accident itself (other than the fact that the accident occurred) or of its aftermath. Any and all information I have related to this case has been relayed to me by subordinates or by internal and outside counsel.

Plaintiffs objected to the declaration relying on Texas Civil Practice and Remedies Code section 132.001, which provides, in relevant part, as follows:

> (a) Except as provided by Subsection (b), an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.
> . . .
> (c) An unsworn declaration made under this section must be:
> (1) in writing; and
> (2) subscribed by the person making the declaration as true under penalty of perjury.

TEX. CIV. PRAC. & REM. CODE § 132.001(a, c).

A template jurat containing the declarant's name, address, date of birth, and perjury attestation appears at subsection (d). An unsworn declaration "must include a jurat in *substantially* the following form":

> "My name is (First) (Middle) (Last), my date of birth is
> _____, and my address is (Street) (City) (State) (Zip Code)
> and I declare under penalty of (Country) perjury that the foregoing is true and
> correct.
> Executed in _____ County, State of _____, on the _____ day of (Month)
> (Year)
>
> _____
> Declarant"

*Id.* § 132.001(d) (emphasis added).

Plaintiffs argued Ulrichs' declaration was not verified and, although made under penalty of perjury, lacked the statutorily-required jurat for a declaration in lieu of an affidavit because it lacked his date of birth, address, and the county and state in which the document was executed. In support of their argument, plaintiffs cite to *Hays St. Bridge Restoration Group v. City of San Antonio*, 570 S.W.3d 697, 702 (Tex. 2019). In *Hays*, before reaching the merits of the case, the Supreme Court addressed the City's motion to dismiss in which the City argued the case had been moot the entire four years it was on appeal because the City complied with the trial court's judgment a few weeks after it was rendered.[2] The Court concluded the "motion offered no support for its assertions other than a half-page declaration by" the City's Assistant City Manager because "the declaration was unverified, and while it state[d] that it is made under penalty of perjury, it lack[ed] the statutorily required jurat for a declaration in lieu of an affidavit." *Id.* In a footnote, the Court cited to section 132.001(d), noting the declaration did not include the Assistant City Manager's date of birth. *Id.* at 702 n.15.

---

[2] "The primary issue [in *Hays* was] whether the waiver of governmental immunity for certain claims provided by the Local Government Contract Claims Act . . . at the time this case arose applies when the remedy sought is specific performance rather than money damages." *Hays*, 570 S.W.3d at 699. The case did not involve an apex deposition and the Court was not presented with the same issue as in this original proceeding.

Therefore, plaintiffs conclude that, under *Hays*, Ulrichs' declaration was inadmissible hearsay and provided no support for relator's motion for protective order. Plaintiffs argue that, on this ground alone, the motion for protective order should be denied.

Relator counters that the declaration was in "substantially" the same form as the template jurat because the declaration states:

> My name is Marcell Ulrichs. *I am over 21 years of age*, of sound mind and otherwise competent to make this declaration. I have never been convicted of a felony, and, if called upon, I could and would testify competently to the facts contained herein, which are within my personal knowledge and are true and correct. *I make this declaration under penalty of perjury* and state as follows. . . . .. [Emphasis added.]

Relator contends plaintiffs' objections are merely to the form of the declaration and should be rejected because the defects are not fatal and the declaration contains the operative part of the jurat, which is the portion subjecting the declarant to the penalty of perjury. We agree.

"Under section 132.001, the main requirements are that the declaration be in writing and 'subscribed by the person making the declaration as true under penalty of perjury.'" *Bonney v. U.S. Bank Nat'l Ass'n*, 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas July 14, 2016, no pet.) (mem. op.) (concluding declaration substantially complied with section 132.001 even though declarant omitted her middle name, address, and date of birth). "If those requirements are met, courts have found the jurat substantially complies with the statute." *Id.*; *see also United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 813 (Tex. App.—El Paso 2014, no pet.) (holding, the "[f]ailure to include the declarant's birthdate or address is a formal defect having no effect on whether a false statement would render the declarant liable for perjury" and did not render declaration inoperative or convert it to unsworn hearsay).

We conclude the declaration substantially complies with the jurat, and the trial court erred by sustaining plaintiffs' objections to the declaration because the objections go to the form of the

declaration and the declaration contains the operative part of the jurat, which is the portion subjecting Ulrich to the penalty of perjury. *In re BP Prods. N. Am. Inc.*, 01-06-00613-CV, 2006 WL 2192546, at *5 (Tex. App.—Houston [1st Dist.] Aug. 4, 2006, orig. proceeding) (mem. op.) ("We think that the better rule is that a mechanical application of *Crown Central* in determining the sufficiency of an affidavit to invoke the apex doctrine is to be rejected.").

Also, although Ulrich did not file an affidavit, we believe his declaration satisfied the *Crown Central* requirements because he denied having any personal knowledge of facts relevant to the case, "including the nature of the hiring, retention, training, entrustment, etc. of the Cook Compression driver involved, or of the accident itself." *See In re Tex. Genco, LP*, 169 S.W.3d 764, 768 (Tex. App.—Waco 2005, orig. proceeding) (in determining sufficiency of corporate official's affidavit, the question is whether the official "sufficiently denied knowledge of any relevant facts regarding" the subject matter of the litigation"); *In re Burlington N. & Santa Fe Ry. Co.*, 99 S.W.3d 323, 326 (Tex. App.—Fort Worth 2003, orig. proceeding) ("BNSF properly initiated the apex guideline proceedings set forth in *Crown Central* by moving for protection and filing Rose's affidavit denying any knowledge of relevant facts."). Because we conclude the declaration satisfies *Crown Central*, the burden shifted to plaintiffs to satisfy their burden under *Crown Central*. *See Burlington*, 99 S.W.3d at 326.

## C. Apex Deposition

Under *Crown Central*, the trial court first had to determine whether plaintiffs had arguably shown Ulrichs had any unique or superior personal knowledge of discoverable information. *Crown Cent.*, 904 S.W.2d at 128. A showing of "unique or superior knowledge" requires "some showing beyond mere relevance, such as evidence that a high-level executive is the only person with personal knowledge of the information sought or that the executive arguably possesses relevant knowledge greater in quality or quantity than other available sources." *Alcatel*, 11 S.W.3d

at 179. "[E]vidence that an apex official received information requires something more to establish that the apex [official] has unique or superior knowledge of discoverable information." *Id.*

Under the second prong of the *Crown Central* test, the trial court had to determine whether plaintiffs made a good faith effort to obtain the discovery through less intrusive methods. *Id.* A "discovering party's burden is not perfunctorily met by any showing that the party employed less-intrusive discovery methods." *Daisy Mfg.*, 17 S.W.3d at 658. "*Crown Central* states only that '*[d]epending upon the circumstances of the particular case*, [less intrusive] methods *could include* the depositions of lower level employees, the deposition of the corporation itself, and interrogatories and requests for production of documents directed to the corporation." *Id.* (emphasis in original) (quoting *Crown Cent.*, 904 S.W.2d at 208). "*Crown Central* rather, instructs courts to measure whether the discovering party made a reasonable effort to obtain discovery through less-intrusive methods. Merely completing some less-intrusive discovery does not trigger an automatic right to depose the apex official." *Id.*

The hearing on the motion for protective order and motion to compel was held on September 24, 2020. At 8:01 p.m. on September 23, plaintiffs filed their response and objections to relator's motion for protective order. Attached to plaintiffs' pleading were almost 500 pages of various documents. However, the hearing consisted entirely of arguments by counsel and none of the documents attached to plaintiffs' response were admitted into evidence. It is also clear from the record of the hearing that the trial court did not consider any of these documents because the judge ruled at the end of the hearing. Because the trial court did not require plaintiffs to satisfy their burden with evidence, as opposed to arguments of counsel, we conclude the trial court abused its discretion by denying relator's motion for protective order and granting plaintiffs' motion to compel. Under these circumstances, an appellate court would not be able to cure the trial court's error; thus, relator lacks an adequate remedy by appeal. *Walker*, 827 S.W.2d at 843; *AMR Corp.*

*v. Enlow*, 926 S.W.2d 640, 644 (Tex. App.—Fort Worth 1996, orig. proceeding) (holding, "no adequate remedy by appeal exists on this ruling because an appellate court could not cure the trial court's error in ordering the apex deposition"); *see also Alcatel*, 11 S.W.3d at 181 (granting mandamus relief because trial court abused its discretion by failing to properly apply guidelines set forth in *Crown Central*); *Semgroup Corp.*, 2016 WL 3085875, at \*3 (granting mandamus relief because plaintiffs did not satisfy requirements necessary to justify taking apex depositions).

## CONCLUSION

For the reasons stated above, we conclude the trial court abused its discretion by sustaining plaintiffs' objections to the Declaration of Marcell Ulrichs and by granting plaintiffs' motion to compel the deposition without requiring plaintiffs to satisfy their burden.[3] Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its September 29, 2020, Order (1) granting Plaintiffs' Motion to Compel the deposition of Marcell Ulrichs, (2) sustaining the objections to the Declaration of Marcell Ulrichs, and (3) denying relator's Motion for Protective Order, no later than fifteen days from the date of this opinion. Relator's motion for temporary relief is denied as moot.

Sandee Bryan Marion, Chief Justice

---

[3] We express no opinion on the merits of plaintiffs' motion to compel the deposition of Marcell Ulrichs.