# Supreme Court of Texas

No. 20-0789

In re American Airlines, Inc.,

*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Relator American Airlines, Inc. seeks relief from an order compelling the oral deposition of a high-level corporate official. We conditionally grant American's petition for writ of mandamus.

When a party seeks to depose a corporate president or other high-level corporate official, "the trial court should first determine whether the party seeking the deposition has arguably shown that the official has any unique or superior personal knowledge of discoverable information." *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). If that showing has not been made, the trial court must grant a protective order and "first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Id.* After making a good-faith effort to secure discovery through less intrusive methods, the requesting party may depose the apex official only after establishing "(1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient, or inadequate." *Id.*

In this case, the real party in interest, Dr. Donald Arnette, sued American, alleging that one of its gate agents had improperly accessed his personal information and used it to harass him via text, email, and phone messages. With the discovery deadline imminently approaching, Arnette served American with a series of deposition notices for Elise Eberwein, the Executive Vice President of People and Communications for American's parent company, American Airlines Group, Inc. Eberwein is one of six officers on American's Executive Leadership Team. As such, Arnette has conceded she is an apex deponent.

American initially moved to quash Eberwein's deposition because it was scheduled without at least three days' notice. With the close of discovery approaching, Arnette re-noticed Eberwein's deposition and contemporaneously filed a motion to compel. American again moved to quash and for a protective order, asserting that Eberwein is an apex executive with no unique or superior personal knowledge of any relevant matter. American also responded to Arnette's motion to compel by submitting Eberwein's affidavit, in which she declared she has no personal knowledge of relevant facts, let alone unique or superior knowledge. American further attached Eberwein's affidavit to subsequent motions for protection and to quash the deposition notice.

Seeking to depose only Eberwein, Arnette refused American's offer to designate a corporate representative for an oral deposition. *See* TEX. R. CIV. P. 199.2(b)(1) (setting the requirements for deposing an organization). Arnette maintained that Eberwein's knowledge of relevant facts is substantiated by her online biography, which states that she "manages human resources, media relations, employee communications, social media, and public affairs."

After two hearings on the matter, the trial court issued an order on August 7, 2019 (1) denying American's motion for protective order, (2) compelling American to present Eberwein for deposition, and

(3) requiring Arnette to serve a new deposition notice "describing with reasonable particularity the matters on which examination is requested in accordance with" the rules of procedure governing depositions of designated corporate representatives. Due to an unknown error, neither party received a copy of this order for four months. Thereafter, the case sat essentially dormant except for an unsuccessful court-ordered mediation and a December 2020 trial setting.

When eight months had elapsed without service of the required deposition notice, American filed a petition for writ of mandamus, seeking relief from the trial court's order. Though Arnette had not satisfied the preconditions the discovery order set for proceeding with Eberwein's deposition, American sought to avoid any delay of the trial setting should Arnette serve a compliant deposition notice at the last minute. Arnette did not file a response to American's petition.

Without reaching the merits, the court of appeals denied relief based on American's "unexplained delay" in filing a mandamus petition "more than a year after the challenged order was signed." ___ S.W.3d ___, 2020 WL 5651658, at *1 (Tex. App.—Dallas Sept. 23, 2020).

In this original proceeding, American challenges the trial court's discovery order on the merits and addresses the court of appeals' ruling by explaining that the delay in seeking mandamus relief stemmed from (1) the trial court's four-month delay in notifying the parties about the order and (2) Arnette's lack of diligence in satisfying the discovery order's preconditions. Though Arnette has yet to serve a new notice for Eberwein's deposition, the trial, which has been rescheduled for December 2021, is imminent. We hold that American's mandamus petition has merit and that mandamus relief is appropriate under the circumstances.

Eberwein's status as a high-level corporate official in American's six-member leadership team implicates *Crown Central*'s "guidelines for

3

depositions of persons at the apex of the corporate hierarchy."  904 S.W.2d at 126, 128 (adopting guidelines that apply "when a party seeks to depose a corporate president *or other high[-]level corporate official*" (emphasis added)); *see also In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 842 n.2 (Tex. 2008) (applying the apex-deposition guidelines to "senior corporate official[s]").  Her affidavit disclaiming knowledge of relevant facts precluded the trial court from ordering her deposition unless (1) Arnette arguably showed that she possesses unique or superior personal knowledge or (2) he first made a good-faith, but less than fruitful, attempt to obtain discovery through less intrusive means. *Crown Cent.*, 904 S.W.2d at 128.  Arnette did not meet either standard.

The first *Crown Central* guideline requires a showing beyond "some knowledge" or mere relevance.  *See In re Alcatel USA, Inc.*, 11 S.W.3d 173, 179 (Tex. 2000).  Statements in Eberwein's online biography that she has general knowledge about company policies are not independently sufficient to show she has unique or superior knowledge of discoverable information.  *See id.* at 177 (holding that a corporate executive's "knowledge of company policies does not, by itself, satisfy the first *Crown Central* test because it does not show that the executive has unique or superior knowledge of discoverable information").  The record also bears no evidence, nor even a claim, that Arnette has attempted less intrusive means of discovery.  To the contrary, Arnette does not dispute that he declined American's offer to produce a corporate representative for examination on the same matters.  *See* TEX. R. CIV. P. 199.2(b)(1).  A discovering party's discovery efforts must be reasonable, and if they are not, "*Crown Central*'s standards have not been met." *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 659 (Tex. 2000) (discussing, as a "good example" of failing to pursue less intrusive discovery methods, a case where the plaintiffs "'ha[d] not even taken the corporation's deposition'" through a corporate representative designated for examination on

4

information the plaintiffs sought from the corporation's chief executive officer) (citing *AMR Corp. v. Enlow*, 926 S.W.2d 640, 644 (Tex. App.—Fort Worth 1996, orig. proceeding)). Because Arnette did not satisfy either *Crown Central* standard, the trial court was obligated to grant American's motion for protective order.

To the extent the trial court denied American's motion based on asserted procedural irregularities, that too was error. Although American did not attach Eberwein's affidavit to its initial motion for protective order, the affidavit was before the trial court in opposition to Arnette's motion to compel and as an attachment to American's subsequent motions to quash and for protection. This evidence, which was on file and presented for the trial court's consideration prior to the hearings and ruling on American's motion, adequately invoked the apex-deposition standards. Likewise, the filing of Eberwein's affidavit after the discovery deadline had expired does not vitiate her right to protection given the proximity of the discovery deadline to service of the deposition notices. Brinksmanship discovery tactics cannot deprive an opposing party of the right to seek protection. Finally, no rule nor any precedent requires a party to use a particular procedural vehicle to invoke the apex doctrine. Rather, substance controls over form, so it suffices that the party resisting the apex deposition has sought to prohibit the deposition—by motion to quash, motion for protective order, or otherwise. *See In re Newport Classic Homes, L.P., L.L.C.*, No. 04-18-00126-CV, 2018 WL 4903065, at *3 (Tex. App.—San Antonio Oct. 10, 2008, orig. proceeding) (citing *Alcatel*, 11 S.W.3d at 175-76); *In re Miscavige*, 436 S.W.3d 430, 438-40 (Tex. App.—Austin 2014, orig. proceeding) (allowing an out-of-state chief executive officer to raise the apex doctrine in his special appearance).

With the apex-deponent issue squarely before the court and properly invoked by Eberwein's affidavit denying knowledge of relevant

facts, the trial court clearly abused its discretion in compelling her deposition without requiring Arnette to comply with the *Crown Central* standards. The order's requirement that Arnette produce deposition topics in accordance with the corporate-representative rule does not cure the error because American never designated Eberwein as its corporate representative.

Arnette makes no attempt to defend the trial court's order on the merits but instead adopts the court of appeals' analysis and conclusion that mandamus relief is unavailable because American unduly delayed seeking relief. In the alternative, Arnette asserts that mandamus relief is unavailable because an adequate appellate remedy exists by virtue of the permissive-appeal statute. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) (authorizing trial courts to certify potentially dispositive legal issues for interlocutory appeal); *Daisy Mfg.*, 17 S.W.3d at 658 (mandamus relief is available only when an adequate remedy by appeal is lacking). Both arguments are unpersuasive.

While mandamus "is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (citations omitted) (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941)). Thus, a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009). In *Rivercenter Associates*, we held that an unexplained and unjustified four-month delay warranted denying mandamus relief to quash a jury demand. 858 S.W.2d at 367. But in *In re International Profit Associates*, we concluded mandamus relief was warranted even though substantial time had passed before the relator sought mandamus relief to compel enforcement of a forum-selection clause. 274 S.W.3d at 675-77

6

(discussing three periods of asserted delay, including a period of almost eight months between issuance of the trial court's order and relator's mandamus filing). The delay there did not result from the relator's own actions; rather, it had worked diligently to move the case along, which "d[id] not indicate the type of delay that forfeits a party's right to mandamus relief." *Id.* at 676. We declined to charge the relator with the trial court's and opposing party's "errors and delays [that] hindered [the relator's] ability to initiate mandamus proceedings." *Id.* Though significant, we found the delay was justified under the circumstances. *Compare id.* at 676-77, *with Rivercenter Assocs.*, 858 S.W.2d at 367.

Here, American reasonably explained the year-long period between the trial court's order compelling Eberwein's deposition and American's mandamus filing in the court of appeals. The record establishes that American did not receive notice of the order until four months after its issuance. At that point, the parties were on notice that the order set preconditions to Eberwein's deposition by requiring Arnette to serve a new deposition notice designating deposition topics. To date, neither has occurred, with no explanation on Arnette's part. As the trial date loomed, first in December 2020 and now in December 2021, American prudently sought mandamus relief to avoid the necessity of rescheduling the trial. On this record, the delay is neither unexplained nor unreasonable. *See Int'l Profit Assocs.*, 274 S.W.3d at 676-77 (holding relator "did not 'slumber on its rights' to the extent it waived the right to seek mandamus relief"; eight-month delay was explainable and not "such an unreasonable time under this record").

Arnette's assertion that American's only remedy is by permissive appeal is erroneous. First, we have repeatedly found an adequate appellate remedy lacking when a trial court erroneously compels an apex deposition. *See, e.g.*, *Daisy Mfg.*, 17 S.W.3d at 659; *Alcatel*, 11 S.W.3d at 181. Second, the permissive-appeal statute is inapplicable.

7

Under that statute, the trial court may authorize an interlocutory appeal if (1) the order to be appealed involves a controlling question of law as to which a substantial ground exists for difference of opinion, and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d). Neither element is satisfied here.

Accordingly, without hearing oral argument, we conditionally grant American's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(c); *see also In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) (mandamus relief is warranted when the trial court clearly abused its discretion and no adequate appellate remedy exists). Our writ will issue only if the trial court fails to promptly vacate the order compelling Eberwein's deposition.

**OPINION DELIVERED:** October 22, 2021